UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HEFLER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>Defendants. | Case No. 16-cv-05479-JST<br><br>**ORDER CONSOLIDATING CASES AND APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: ECF No. 29 |

Before the Court is Plaintiff Union Asset Management Holding AG's ("Union") motion to consolidate Hefler v. Wells Fargo & Co., Case No. 16-cv-5479, with Klein v. Wells Fargo & Co., Case No. 16-cv-5513 ("Related Securities Class Actions"), to appoint Union as Lead Plaintiff, and to approve Union's selection of counsel for the class. ECF No. 29. The Court grants the motion.

I. **CONSOLIDATION**

A. **Legal Standard**

"When actions involving a common question of law or fact are pending before the court, it . . . may order all the actions consolidated." Fed. R. Civ. P. 42(a). The "district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. Dist. Court, 877 F.2d 777, 777 (9th Cir. 1989). "In determining whether or not to consolidate cases, the Court should 'weigh the interest of judicial convenience against the potential for delay, confusion and prejudice.'" Zhu v. UCBH Holdings, Inc., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quoting Southwest Marine, Inc. v. Triple A Machine Shop, Inc., 720 F. Supp. 805, 806–807 (N.D. Cal. 1989)).

B. **Analysis**

The Related Securities Class Actions are both putative class actions brought on behalf of

"all persons who purchased Wells Fargo common stock between February 26, 2014 and September 15, 2016." See Hefler Compl., ECF No. 1; Klein Compl., ECF No. 1. Both complaints allege that Defendants made materially false and misleading statements, primarily related to Wells Fargo's use of a cross-selling strategy to meet its customers' financial needs and drive the company's growth, which artificially inflated Wells Fargo's stock price. Id. In fact, the two complaints are almost identical. Therefore, the Court concludes that judicial convenience and a just resolution of the parties' claims would be best be served by consolidating the Related Securities Class Actions.

## II.     APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

### A.     Legal Standard

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "[n]ot later than 20 days after the date on which the complaint is filed," the plaintiff shall publish a notice alerting members of the purported class of "the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(3)(a)(i). The notice should also inform potential class members that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(3)(a)(i)(II).

Under the PSLRA, "[t]he 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as [the proposed lead plaintiff] meets the requirements of Rule 23" of the Federal Rules of Civil Procedure. In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002). After the Court makes its determination of the presumptive lead plaintiff, other plaintiffs in the class will be provided with "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." Id. at 730. "If, as a result of this process, the district court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, it then must proceed to determine whether the plaintiff with the next lower stake in the litigation has made a prima facie showing of typicality and adequacy." Id. at 731.

"The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a

reasonable choice of counsel, the district court should generally defer to that choice," and "should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." Cohen v. U.S. Dist. Court for N. Dist. of California, 586 F.3d 703, 711–12 (9th Cir. 2009).

The Court finds that Union is the Plaintiff with the largest financial stake in the lawsuit at $7,791,612.30. ECF No. 29 at 18. The remaining Plaintiffs who moved to be appointed Lead Plaintiff later withdrew their motions, acknowledging that they do not have the largest financial interest. See ECF Nos. 26, 43 (Oregon Public Employees Retirement System asserting $2,667,056 interest, later acknowledging that it does not have the largest financial interest); ECF Nos. 28, 44 (Sjunde AP-Fonden asserting $3,027,825 interest, later withdrawing its motion); ECF Nos. 25, 45 (Wells Fargo Investor Group asserting $466,509 interest, later withdrawn). Because Union has the largest financial stake in this lawsuit, it is the presumptive Lead Plaintiff.

Not only does Union have the largest financial interest in this litigation, it satisfies the requirements of Rule 23. First, Union meets the typicality requirement. The legal and factual bases of Union's claim revolve around whether Defendants made false and misleading statements and the effect of those alleged statements. The same is true for the rest of the putative class. Union also meets Rule 23's adequacy requirement. Union's interests are aligned with the class, and as an institutional investor, Union is likely to be an effective lead plaintiff. See In re SiRF Tech. Holdings, Inc. Sec. Litig., No. C 08-0856 MMC, 2008 WL 2220601, at *3 (N.D. Cal. May 27, 2008) (explaining that Congress "intended that the lead plaintiff provision would encourage institutional investors to take a more active role in securities class action lawsuits") (internal alterations and quotations omitted). Union has the resources to litigate this case and has served as co-lead plaintiff in another securities class action. ECF No. 29 at 19. Therefore, the Court appoints Union as Lead Plaintiff.

Union is represented by Motley Rice, and seeks the Court's approval of that firm as Lead Counsel, and of Robbins Geller Rudman & Dowd ("Robbins Geller") as Liaison Counsel. Motley Rice has experience with securities class action cases, and has served as lead counsel in other similar cases in this district. Id. at 20-21. The same is true for Robbins Geller. ECF No. 31-6. The Court concludes that these firms will provide effective representation to the class.

## CONCLUSION

The Court grants the motion to consolidate <u>Hefler v. Wells Fargo & Co.</u>, Case No. 16-cv-5479, with <u>Klein v. Wells Fargo & Co.</u>, Case No. 16-cv-5513. The Court appoints Union as Lead Plaintiff and approves Motley Rice as Lead Counsel and Robbins Geller as Liaison Counsel.

IT IS SO ORDERED.

Dated: 1/5/17

_____
JON S. TIGAR
United States District Judge