# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

SALVATORE J. GRAZIANO
sgraziano@blbglaw.com
(212) 554-1538

October 6, 2017

**VIA ECF**

The Honorable Jon S. Tigar, U.S.D.J.
United States District Court
Northern District of California
San Francisco Courthouse, Courtroom 9 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

   Re:   *Union Asset Management Holding AG v. Wells Fargo & Co., et al.*,
          Case No. 3:16-cv-05479-JST (N.D. Cal.)

Dear Judge Tigar:

      We represent Lead Plaintiff Union Asset Management Holding AG ("Lead Plaintiff") in the above-referenced securities class action (the "Securities Action"). On behalf of Lead Plaintiff, we write to advise the Court of overlapping issues between in *In re Wells Fargo & Co. Shareholder Derivative Litigation*, Case No. 16-cv-05541-JST (N.D. Cal.) (the "Derivative Action") and the Securities Action, which are impacted by the Court's recent order denying Defendants' Motion to Dismiss (the "Order").

      **A.    Overlapping Parties and Claims**

      Among the different claims raised in the Derivative Action are securities fraud and insider selling claims on behalf of Wells Fargo, based on the common stock Wells Fargo itself repurchased from the market. Thus, although these actions are brought on behalf of different plaintiffs (open market investors in the Securities Action versus nominal defendant Wells Fargo in the Derivative Action), they allege two similar claims under Sections 10(b) and 20(A) of the Exchange Act against numerous overlapping individual Defendants.

      **B.    Overlapping Issues Decided by The Court's Order in the Derivative Action**

      Defendants filed motions to dismiss the securities fraud claims in the Derivative Action on June 5, 2017, and the Securities Action on June 19, 2017. Defendant Sloan also moved to dismiss the fraud claims against him in the Derivative Action, and joined Wells Fargo's motion to dismiss the same claims in the Securities Action. On October 4, 2017, the Court issued its Order denying in part Defendants' motion to dismiss in the Derivative Action. That Order decided multiple identical or substantially similar issues still pending before the Court in the Securities Action.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Page 2
Honorable Jon S. Tigar

*First*, rejecting the Director Defendants' argument that they were not responsible for numerous false statements contained in Wells Fargo's signed SEC filings, the Court held that the Director Defendants' signatures on false and misleading SEC filings made them responsible for those statements, and that membership on board committees "would have afforded members knowledge regarding the illicit account creation scheme, and knowledge that the statements in the public filings were false or misleading." Order, at 18-20.  In so holding, the Order sustained false and misleading cross-selling metrics reported in Wells Fargo's SEC filings, which are co-extensive with numerous false statements alleged in the Securities Action. *See e.g.*, Opp. (ECF No. 175) at 46, App. A.

*Second*, Defendants in the Securities Action have argued that statements touting false cross-selling metrics were unquantified and immaterial for a variety of reasons. Opp. at 9-14, 26-29. Rejecting similar arguments, the Order held that the inflated cross-sell metrics were material because of Defendants' own, repeated statements concerning cross-selling's importance, and the more than two million unauthorized accounts uncovered by government investigations. Order, at 21. The Order likewise rejected Defendant Tolstedt's arguments that her statements touting the value of cross-selling to Wells Fargo's customer needs were mere puffery, as well as Defendants Sloan and Shrewsberry's arguments that their statements were not false. *Id.* at 21-23.

In so holding, the Order sustained numerous examples of false statements that overlap with those alleged in the Securities Action, including, for example, Defendant Tolstedt's statement that cross-selling was meant to "satisfy[] customers' needs and help[] them succeed financially," as well as Defendant Shrewsberry's statements touting the company's "legendary" cross-selling, denying knowledge of problems related to cross-selling, and signed SOX certifications. *Id.*  The Securities Action has alleged numerous false statements of the same type, including repeated representations by multiple Defendants in a plethora of fora and documents that cross-sell was meant to "satisfy all our customers' financial needs." *See e.g.,* Opp. at 5-9.  The Securities Action similarly alleges false SOX certifications signed by Stumpf, Sloan, and Shrewsberry, as well as statements by multiple Defendants touting cross-sell and denying problems related to it. *See e.g., id.*

*Third*, the Order credited allegations that multiple Defendants have admitted they were aware of fraudulent account issues during the Class Period and prior, and held further that a pervasive fraud at the core of the Company's business, marked by numerous red flags, were of sufficient importance to place the officer Defendants on notice of the fraud. Order, at 26-28. The Order found a strong inference of scienter on the part of the Defendants Tolstedt, Shrewsberry, and Sloan, all on the basis of substantially the same scienter allegations as those in the Securities Action. *Id.*

*Fourth*, the Order sustained insider trading claims under Section 20A, rejected Defendants' key arguments concerning "contemporaneity," and held that a "narrow interpretation of 'contemporaneity' prior to discovery is not warranted. *Id.* at 37.  The same holding applies for the same reasons, and more, in the Securities Action. *See* Opp. at 73-75.

*Finally*, while the Order dismissed the Derivative Action's Section 10(b) claim against Defendant Loughlin for failure to identify and attribute any false statement to him (Order at 24), the Securities Action does identify false statements by Loughlin (Opp. at 21-22), which, in light of the Order's other findings, counsel in favor of sustaining the 10(b) claims against

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Page 3
Honorable Jon S. Tigar

him here.

### C. Status of Pending Motions to Dismiss

Oral argument in the Securities Action is scheduled for October 26, 2017.

Respectfully submitted,

*/s/ Salvatore J. Graziano*
Salvatore J. Graziano

cc:   Clerk, U.S. District Court (by CM/ECF)
      Counsel of Record (by CM/ECF)