**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY HEFLER, MARCELO MIZUKI, GUY SOLOMONOV, UNION ASSET MANAGEMENT HOLDING AG, and CITY OF HIALEAH EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO & COMPANY, JOHN G. STUMPF, JOHN R. SHREWSBERRY, CARRIE L. TOLSTEDT, TIMOTHY J. SLOAN, DAVID M. CARROLL, DAVID JULIAN, HOPE A. HARDISON, MICHAEL J. LOUGHLIN, AVID MODJTABAI, JAMES M. STROTHER, JOHN D. BAKER II, JOHN S. CHEN, LLOYD H. DEAN, ELIZABETH A. DUKE, SUSAN E. ENGEL, ENRIQUE HERNANDEZ JR., DONALD M. JAMES, CYNTHIA H. MILLIGAN, FEDERICO F. PEÑA, JAMES H. QUIGLEY, JUDITH M. RUNSTAD, STEPHEN W. SANGER, SUSAN G. SWENSON, and SUZANNE M. VAUTRINOT,<br><br>Defendants. | Case No. 3:16-cv-05479-JST<br><br>CLASS ACTION<br><br>**STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal;

Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

    2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that contain or reflect confidential, non-public, proprietary, commercially sensitive, and/or private information of an individual or entity.

    2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    2.7    <u>House Counsel</u>: attorneys who are employees of a party to this action, including such attorneys' support staff. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.8    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    2.9    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party,

including such attorneys' support staff.

      2.10    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

      2.11    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

      2.12    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, hosting, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

      2.13    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

      2.14    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order. The parties recognize that documents requested in this action may require notice to or consent from third parties prior to

production (including but not limited to documents requested relating to consumer information) and that such document requests would require further court intervention prior to responsive productions; any Party may seek additional orders from this Court that such party believes may be necessary to comply with any law governing the disclosure of information concerning third parties.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order will exercise good faith in making confidentiality designations under the appropriate standards. The parties have established a procedure to meet and confer to resolve challenges to specific confidentiality designations, as set forth below in Section 6.2.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would

like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b) for depositions or other testimony, Parties or testifying persons or entities may designate all or portions of depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice to all Parties of which portions of the transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony. Any party that wishes to disclose a transcript, or information contained therein, before the time within which it may be appropriately designated as Protected Material has passed, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within seven (7) calendar days of receiving such written notice, or else the transcript may be treated as non-confidential. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In such cases the court reporter shall be informed of this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such

Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by not asserting a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each specific document, by Bates number, it is challenging and describing the basis for the challenge as to each document. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    <u>Judicial Intervention</u>. If the Challenging Party and the Designating Party are unable to resolve a dispute about a confidentiality designation in the manner provided in paragraph 6.2 above, the Challenging Party may challenge the confidentiality designation by filing and serving a discovery motion under the Federal and Local Rules. Absent good cause, such a motion must be made within 45 days of the parties agreeing that the meet and confer process will not resolve their dispute. Any motion brought pursuant to this provision must be accompanied by an affirmation that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party. The Challenging Party will exercise good faith in challenging confidentiality designations. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees and Professional Vendors of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the court and its personnel;

    (e) mediators, their staff and representatives of insurers who are engaged in mediation with the parties;

    (f) court reporters and their staff;

    (g) professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (i) potential witnesses (1) who authored or received a communication, (2) for whom disclosure is reasonably necessary, and (3) who have been informed of their obligation not to disclose "Confidential" information beyond the terms of this Stipulation and Order and who have agreed not to do so.

7.3. <u>Disclosure of "Acknowledgment and Agreement to Be Bound" (Exhibit A)</u>

Documents. Upon request, any Receiving Party shall promptly provide copies of Exhibit A documents as signed by persons to whom they have provided Confidential Information pursuant to the provisions of Section 7.2; provided, however, that a Receiving Party may, in lieu of promptly providing copies of Exhibit A documents signed by experts or consultants who have not yet been disclosed pursuant to the Court's scheduling order(s), or professional jury or trial consultants and mock jurors, promptly confirm in writing that all such persons have signed the required Exhibit A documents in order to receive Confidential Information pursuant to Section 7.2. If the individual is not a witness, disclosure of signed Exhibit A documents shall occur where reasonably necessary, and where such disclosure will not implicate the disclosing party's work product or attorney client privileged information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these

provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1 The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

9.3 If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1    The production of documents (including both paper documents and electronically stored information) subject to protection by the attorney-client, the Bank Examination privilege and/or protected by the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the Producing Party notifies the Receiving Party, in writing, of the production after its discovery of the same.

11.2    If the Producing Party notifies the Receiving Party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the Producing Party or destroyed or deleted, on request of the Producing Party. The Receiving Party agrees to use reasonable efforts to segregate Identified Materials and any notes or work product (or portions of work product) reflecting the contents of any Identified Materials and the Receiving Party will not review or use such segregated Identified Materials and/or work product unless the Court determines the Identified Materials to not be privileged.

11.3    The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents.

11.4    The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

11.5     Within ten (10) days of the return of Identified Materials to the Producing Party, the Producing Party will provide to the Receiving Party a privilege log containing entries for any Identified Materials whose privilege designations are disputed by the Parties.

11.6     If any Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulated Protective Order.

11.7     The party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

11.8     The parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of Identified Materials is not a waiver of the privilege in any other federal or state proceeding.

11.9     This stipulated agreement set forth in Paragraph 11 and its subparts does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

12.     MISCELLANEOUS

12.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

  12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

  Within 90 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in

Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 1, 2018

**BERNSTEIN LITOWITZ BERGER  & GROSSMANN LLP**
By: */s/ Salvatore J. Graziano*_____
Salvatore J. Graziano (*pro hac vice*)
sgraziano@blbglaw.com
Adam H. Wierzbowski (*pro hac vice*)
adam@blbglaw.com
Rebecca Boon (*pro hac vice*)
rebecca.boon@blbglaw.com
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Lead Counsel for Lead Plaintiff and the Class*

**KLAUSNER KAUFMAN JENSEN  & LEVINSON**
Robert D. Klausner
bob@robertdklausner.com
Stuart A. Kaufman
stu@robertdklausner.com
780 NW 4th Street
Plantation, FL 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232

*Counsel for Plaintiff City of Hialeah Employees' Retirement System*

**ROBBINS GELLER RUDMAN  & DOWD LLP**
Shawn A. Williams
shawnw@rgrdlaw.com
Aelish M. Baig
aelishb@rgrdlaw.com
Jason C. Davis
jdavis@rgrdlaw.com
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Facsimile: (415) 288-4534

14

| | | |
|---|---|---|
| | | *Liaison Counsel for Plaintiffs* |
| | Dated: April 1, 2018 | **SULLIVAN & CROMWELL LLP** |
| | | By: */s/ Richard H. Klapper* |
| | | Richard H. Klapper (*pro hac vice*) |
| | | klapperr@sullcrom.com |
| | | Nicolas Bourtin (*pro hac vice*) |
| | | bourtinn@sullcrom.com |
| | | 125 Broad Street |
| | | New York, New York 10004-2498 |
| | | Telephone: (212) 558-3555 |
| | | Facsimile: (212) 291-9083 |
| | | |
| | | Brendan P. Cullen (SBN 194057) |
| | | cullenb@sullcrom.com |
| | | Sverker K. Hogberg (SBN 244640) |
| | | hogbergs@sullcrom.com |
| | | Ryan J. McCauley (SBN 264913) |
| | | mccauleyr@sullcrom.com |
| | | 1870 Embarcadero Road |
| | | Palo Alto, California 94303 |
| | | Telephone: (650) 461-5600 |
| | | Facsimile: (650) 461-5700 |
| | | |
| | | Christopher M. Viapiano (*pro hac vice*) |
| | | viapianoc@sullcrom.com |
| | | 1700 New York Avenue, N.W., Suite 700 |
| | | Washington, D.C. 20006 |
| | | Telephone: (202) 956-6985 |
| | | Facsimile: (202) 956-7056 |
| | | |
| | | *Attorneys for Defendant Wells Fargo & Co.* |
| | Dated: April 1, 2018 | **GOODWIN PROCTER LLP** |
| | | By: */s/ Grant P. Fondo* |
| | | Grant P. Fondo (SBN 181530) |
| | | gfondo@goodwinlaw.com |
| | | Lloyd Winawer (SBN 157823) |
| | | LWinawer@goodwinlaw.com |
| | | Nicholas A. Reider (SBN 296440) |
| | | NReider@goodwinlaw.com |
| | | 135 Commonwealth Drive |
| | | Menlo Park, CA 94025 |
| | | Telephone: (650) 752-3100 |
| | | Facsimile: (650) 853-1038 |
| | | |
| | | Richard M. Strassberg (*pro hac vice*) |

| | | |
|---|---|---|
| 1 | | rstrassberg@goodwinlaw.com |
| 2 | | 620 8th Avenue<br>New York, NY 10018 |
| 3 | | Telephone: (212) 813-8800<br>Facsimile: (212) 355-3333 |
| 4 | | *Attorneys for Defendant John G. Stumpf* |

| | | |
|---|---|---|
| 5 | Dated: April 1, 2018 | **CLARENCE DYER & COHEN LLP** |
| 6 | | By: */s/ Nanci L. Clarence*<br>Nanci L. Clarence (SBN 122286) |
| 7 | | nclarence@clarencedyer.com<br>Josh A. Cohen (SBN 217853) |
| 8 | | jcohen@clarencedyer.com<br>Adam F. Shearer (SBN 279073) |
| 9 | | ashearer@clarencedyer.com |
| 10 | | 899 Ellis Street<br>San Francisco, CA 94109 |
| 11 | | Telephone: (415) 749-1800<br>Facsimile: (415) 749-1694 |
| 12 | | |
| 13 | | *Attorneys for Defendant Timothy J. Sloan* |
| 14 | Dated: April 1, 2018 | **RAMSEY & EHRLICH LLP** |
| 15 | | By: */s/ Katherine Ann Kates*<br>Katherine Ann Kates (SBN 155534) |
| 16 | | katharine@ramsey-ehrlich.com<br>Miles Ehrlich (SBN 237954) |
| 17 | | miles@ramsey-ehrlich.com<br>Ismail Ramsey (SBN 189820) |
| 18 | | izzy@ramsey-ehrlich.com<br>803 Hearst Avenue |
| 19 | | Berkeley, CA 94710<br>Telephone: (510) 548-3600 |
| 20 | | Facsimile: (510) 291-3060 |
| 21 | | *Attorneys for Defendant John R. Shrewsberry* |
| 22 | | |
| 23 | Dated: April 1, 2018 | **WILLIAMS & CONNOLLY LLP**<br>By: */s/ Enu A. Mainigi* |
| 24 | | Enu A. Mainigi (*pro hac vice*)<br>emainigi@wc.com |
| 25 | | Leslie Cooper Vigen (*pro hac vice*)<br>725 Twelfth Street, N.W. |
| 26 | | Washington D.C. 20005<br>Telephone: (202) 434-5000 |
| 27 | | Facsimile: (202) 434-5029 |
| 28 | | |

| | |
|---|---|
| 1 | **SKAGGS FAUCETTE LLP** |
| | Jeffrey E. Faucette (SBN 193066) |
| 2 | jeff@skaggsfaucette.com |
| | One Embarcadero Center, Suite 500 |
| 3 | San Francisco, CA 94111 |
| | Telephone: (415) 315-1669 |
| 4 | Facsimile: (415) 433-5994 |
| 5 | |
| | *Attorneys for Defendant Carrie Tolstedt* |
| 6 | |
| | Dated: April 1, 2018     **ARGUEDAS, CASSMAN & HEADLEY LLP** |

Dated: April 1, 2018

**ARGUEDAS, CASSMAN & HEADLEY LLP**

By: */s/ Cristina C. Arguedas*
Cristina C. Arguedas (SBN 87787)
arguedas@achlaw.com
Laurel L. Headley (SBN 152306)
headley@achlaw.com
Ted W. Cassman (SBN 98932)
cassman@achlaw.com
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000
Facsimile: (510) 845-3001

*Counsel for Defendant Michael J. Loughlin*

Dated: April 1, 2018

**COBLENTZ PATCH DUFFY & BASS LLP**

By: */s/ Timothy P. Crudo*
Timothy P. Crudo (SBN 143835)
tcrudo@coblentzlaw.com
Rees F. Morgan (SBN 229899)
rmorgan@coblentzlaw.com
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 677-5219
Facsimile: (415) 989-1663

*Counsel for Defendant David Julian*

Dated: April 1, 2018

**FARELLA BRAUN & MARTEL LLP**

By: */s/ Douglas R. Young*
Douglas R. Young (SBN 073248)
dyoung@fbm.com
C. Brandon Wisoff (SBN 121930)
bwisoff@fbm.com
Janice W. Reicher (SBN 287591)
JReicher@fbm.com
Claire M. Johnson (SBN 305141)

17

cjohnson@fbm.com
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4488

*Counsel for Defendant Avid Modjtabai*

Dated: April 1, 2018

**SWANSON & MCNAMARA LLP**
By: */s/ Mary G. McNamara*
Mary G. McNamara (SBN 147131)
mary@smllp.law
Ed Swanson (SBN 159859)
ed@smllp.law
Britt Evangelist (SBN 260457)
britt@smllp.law
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010

*Counsel for Defendant Hope A. Hardison*

Dated: April 1, 2018

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
By: */s/ Walter F. Brown*
Walter F. Brown (SBN 130248)
wbrown@orrick.com
James N. Kramer (SBN 154709)
jkramer@orrick.com
Lily Becker (SBN 251145)
lbecker@orrick.com
The Orrick Building
405 Howard Street, San Francisco 94105
Telephone: (415) 773-5995

*Counsel for Defendants David M. Carroll and James M. Strother*

Dated: April 1, 2018

**MORRISON & FOERSTER LLP**
By: */s/ Jordan Eth*
Jordan Eth (SBN 121617)
jeth@mofo.com
Anna Erickson White (SBN 161385)
awhite@mofo.com
Amanda Treleaven (SBN 266934)
atreleaven@mofo.com
425 Market Street, San Francisco, CA 94105

Telephone: (415) 268-7126
Facsimile: (415) 268-7522

*Counsel for Defendants John D. Baker II, John S. Chen, Lloyd H. Dean, Elizabeth A. Duke, Susan E. Engel, Enrique Hernandez Jr., Donald M. James, Cynthia H. Milligan, Federico F. Peña, James H. Quigley, Judith M. Runstad, Stephen W. Sanger, Susan G. Swenson, and Suzanne M. Vautrinot*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: April 4, 2018

_____
United States District/Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Hefler et al.* v. *Wells Fargo & Co., et al.*, Case No. 3:16-cv-05479-JST. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____