# Exhibit 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY HEFLER, MARCELO MIZUKI, GUY SOLOMONOV, UNION ASSET MANAGEMENT HOLDING AG, and CITY OF HIALEAH EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v s .<br><br>WELLS FARGO & COMPANY, JOHN G. STUMPF, JOHN R. SHREWSBERRY, CARRIE L. TOLSTEDT, TIMOTHY J. SLOAN, DAVID M. CARROLL, DAVID JULIAN, HOPE A. HARDISON, MICHAEL J. LOUGHLIN, AVID MODJTABAI, JAMES M. STROTHER, JOHN D. BAKER II, JOHN S. CHEN, LLOYD H. DEAN, ELIZABETH A. DUKE, SUSAN E. ENGEL, ENRIQUE HERNANDEZ JR., DONALD M. JAMES, CYNTHIA H. MILLIGAN, FEDERICO F. PEÑA, JAMES H. QUIGLEY, JUDITH M. RUNSTAD, STEPHEN W. SANGER, SUSAN G. SWENSON, and SUZANNE M. VAUTRINOT,<br><br>Defendants. | Case No. 3:16-cv-05479-JST<br><br>CLASS ACTION |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement, dated as of July 30, 2018 (the "Stipulation"), is entered into between (i) Lead Plaintiff, Union Asset Management Holding, AG ("Union" or "Lead Plaintiff"), on behalf of itself and the other members of the Settlement Class; and (ii) defendant Wells Fargo & Company ("Wells Fargo") and defendants John G. Stumpf, John R. Shrewsberry, Carrie L. Tolstedt, Timothy J. Sloan, David M. Carroll, David Julian, Hope A. Hardison, Michael J. Loughlin, Avid Modjtabai, James M. Strother, John D. Baker II, John S. Chen, Lloyd H. Dean, Elizabeth A. Duke, Susan E. Engel, Enrique Hernandez, Jr., Donald M. James, Cynthia H. Milligan, Federico F. Peña, James H. Quigley, Judith M. Runstad, Stephen W. Sanger, Susan G. Swenson, and Suzanne M. Vautrinot (collectively, the "Individual Defendants," and together with Wells Fargo, the

"Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action.

WHEREAS:

A.    On September 26, 2016, a class action complaint, styled *Hefler v. Wells Fargo & Company, et al.*, Case No. 16-cv-05479, was filed in the United States District Court for the Northern District of California (the "Court") asserting violations of federal securities laws against Wells Fargo and certain of the Individual Defendants.  A related securities class action complaint, *Klein v. Wells Fargo & Company, et al.*, Case No. 16-cv-5513, was filed on September 28, 2016.  In accordance with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended (the "PSLRA"), notice to the public was issued stating the deadline by which putative class members could move the Court for appointment as lead plaintiff.

B.    By order dated January 5, 2017, the Court consolidated the two securities class actions, appointed Union as lead plaintiff for the Action, and approved Union's selection of Motley Rice LLC as lead counsel and Robbins Geller Rudman & Dowd LLP as liaison counsel.

C.    On March 6, 2017, Lead Plaintiff and named plaintiffs Gary Hefler ("Hefler"), Marcelo Mizuki ("Mizuki"), and Guy Solomonov ("Solomonov") filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint").  The Consolidated Complaint asserted claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against Wells Fargo and Defendants Stumpf, Sloan, Tolstedt, Carroll, Modjtabai, Loughlin and Shrewsberry; under Section 20A of the Exchange Act against Defendants Carroll, Loughlin, Modjtabai, Sloan, Stumpf and Tolstedt; and under Section 20(a) of the Exchange Act against all Defendants.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

D.      On May 16, 2017, Lead Plaintiff filed a Stipulation and Proposed Order substituting Bernstein Litowitz Berger & Grossmann LLP for Motley Rice LLP as Lead Counsel for the Action, which the Court approved on May 17, 2017.

E.      On June 19, 2017, Defendants filed and served their eight motions to dismiss the Consolidated Complaint.  On August 21, 2017, Lead Plaintiff filed and served its omnibus opposition to Defendants' motions to dismiss, and on September 25, 2017, Defendants filed and served their replies in further support of their motions to dismiss.

F.      While Defendants' motions to dismiss were pending, the Parties agreed to discuss the possibility of resolving the Action through settlement and scheduled a mediation with former United States District Judge Layn R. Phillips.  In advance of the mediation, the Parties prepared and exchanged detailed mediation statements addressing liability and damages issues.  The Parties participated in a full-day mediation session before Judge Phillips in New York City on February 6, 2018, but the Parties did not reach an agreement at that mediation.

G.      On February 27, 2018, the Court entered its Order granting in part and denying in part Defendants' motions to dismiss the Consolidated Complaint.  The Court dismissed, without prejudice, the claims against Defendants Carroll, Loughlin, and Modjtabai under Sections 10(b) and 20A and against Defendant Tolstedt under Section 20A.  In all other respects, the Court denied Defendants' motions to dismiss.

H.      On March 8, 2018, Wells Fargo produced to Lead Plaintiff the documents produced to plaintiffs in *In re Wells Fargo & Company Shareholder Derivative Litigation*, No. 16-CV-5541-JST (N.D. Cal.), comprising 7,585 pages.

I.      On March 15, 2018, Lead Plaintiff, named plaintiffs Hefler, Mizuki and Solomonov, and additional named plaintiff City of Hialeah Employees' Retirement System (collectively, "Plaintiffs") filed the Second Consolidated Class Action Complaint for Violations of Federal Securities Laws (the "Complaint").  The Complaint asserts claims under Section 10(b) of the Exchange Act and Rule 10b-5 against Wells Fargo and Defendants Stumpf, Sloan, Tolstedt, and Shrewsberry; under Section 20A of the Exchange Act against Defendants Sloan, Stumpf and

Tolstedt; and under Section 20(a) of the Exchange Act against all Defendants. The Complaint alleges that, during the Class Period, Wells Fargo and certain of the Individual Defendants made repeated misrepresentations and omissions about a core element of Wells Fargo's business, its "cross-selling" business model, including failing to disclose that thousands of Wells Fargo employees were opening unauthorized deposit and credit card accounts without the knowledge or consent of the customers. The Complaint further alleges that the price of Wells Fargo stock was artificially inflated during the Class Period as a result of those misrepresentations and omissions and that the price fell sharply when the truth began to be revealed in September 2016. The Complaint also alleges that certain of the Individual Defendants personally profited by selling Wells Fargo common stock during the Class Period while in possession of adverse, material non-public information.

J. The Parties scheduled a second mediation session before Judge Phillips for April 13, 2018. In advance of that session, the Parties held a telephonic meet-and-confer to discuss damages and prepared and exchanged supplemental mediation statements. After a day and a half of lengthy negotiations on Friday, April 13 and Saturday, April 14, and with the assistance of Judge Phillips, the Parties reached an agreement in principle to settle the Action that the Parties memorialized in a term sheet (the "Term Sheet") executed on April 14, 2018. The Term Sheet sets forth the Parties' agreement to settle and release all claims against Defendants in return for a cash payment of $480,000,000 to be paid by Wells Fargo on behalf of all Defendants for the benefit of the Settlement Class, subject to the completion of due diligence discovery and other terms and conditions, including the execution of a formal stipulation and agreement of settlement and related papers.

K. Lead Counsel conducted extensive due diligence discovery regarding the strengths and weaknesses of Plaintiffs' claims to assure the reasonableness of the proposed Settlement. The due diligence discovery included the review of more than three million pages of discovery produced by Wells Fargo beginning on April 3, 2018, including documents from 65 custodians negotiated by the parties. These custodians include the named defendants John G. Stumpf; John R. Shrewsberry; Carrie L. Tolstedt; Timothy J. Sloan; David M. Carroll; David Julian; Hope A. Hardison; Michael J. Loughlin; Avid Modjtabai; James M. Strother; John D. Baker II; John S. Chen; Lloyd H. Dean;

Elizabeth A. Duke; Susan E. Engel; Enrique Hernandez, Jr.; Donald M. James; Cynthia H. Milligan; Federico F. Peña; James H. Quigley; Judith M. Runstad; Stephen W. Sanger; Susan G. Swenson; and Suzanne M. Vautrinot. The due diligence discovery has confirmed Lead Plaintiff's and Lead Counsel's belief that the Settlement is fair, reasonable and adequate.

L. This Stipulation (together with the exhibits hereto) has been duly executed by the undersigned signatories on behalf of their respective clients and reflects the final and binding agreement between the Parties.

M. Based upon their investigation, prosecution, and mediation of the case, and as further confirmed though the due diligence discovery, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate and in the best interests of the Settlement Class. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of counsel, Lead Plaintiff has agreed to resolve the Released Plaintiffs' Claims in accordance with this Stipulation, after considering, among other things: (i) the substantial financial benefit that the members of the Settlement Class will receive under the proposed Settlement; and (ii) the significant risks and costs of continued litigation, trial and any appeals.

N. This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the cost, disruption and uncertainty of further litigation. Each Defendant denies any wrongdoing, and this Stipulation shall not be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and

prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, and that the Action is being voluntarily settled with the advice of counsel.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a) "Action" means the consolidated securities class action in the matter styled *Hefler, et al. v. Wells Fargo & Company, et al.*, Case No. 3:16-cv-05479-JST (N.D. Cal.) and includes all actions consolidated therein.

(b) "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c) "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d) "Claim" means a Proof of Claim Form that is submitted to the Claims Administrator either in paper form or in electronic form.

(e) "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f) "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(g) "Claims Administrator" means the firm retained by Lead Plaintiff and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h) "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i) "Class Period" means the period from February 26, 2014 through September 20, 2016, inclusive.

(j) "Complaint" means the Second Consolidated Class Action Complaint filed by Lead Plaintiff in the Action on March 15, 2018.

(k) "Court" means the United States District Court for the Northern District of California.

(l) "Defendants" means Wells Fargo and the Individual Defendants.

(m) "Defendants' Counsel" means Sullivan & Cromwell LLP, Goodwin Procter LLP, Clarence Dyer & Cohen LLP, Ramsey & Ehrlich LLP, Williams & Connolly LLP, Arguedas, Cassman & Headley LLP, Coblentz Patch Duffy & Bass LLP, Farella Braun & Martel LLP, Swanson & McNamara LLP, Orrick, Herrington & Sutcliffe LLP, and Morrison & Foerster LLP.

(n) "Defendants' Releasees" means Defendants and each of Defendants' current or former directors, officers, employees, partners, insurers, co-insurers, reinsurers of said insurers and co-insurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, agents, assigns, spouses, heirs, executors, estates, administrators, related or affiliated entities, any entity in which a Defendant has a controlling interest, any Individual Defendant's Immediate Family Members, and any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

(o)  "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 33 of this Stipulation have been met and have occurred or have been waived.

(p)  "ERISA" means the Employee Retirement Income Security Act of 1974.

(q)  "Escrow Account" means an account maintained at Citibank, N.A. wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(r)  "Escrow Agent" means Citibank, N.A.

(s)  "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(t)  "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order means: (i) the expiration of time to alter or amend the Judgment or Alternate Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) if no appeal is filed, the expiration date of the time provided for filing or noticing of any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (iii) if there is an appeal from the Judgment, Alternate Judgment or other court order, including from the denial of a Rule 59(e) motion to alter or amend the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs or expenses; or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(u)  "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-

in-law, and sisters-in-law.  As used in this definition, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(v)     "Individual Defendants" means John G. Stumpf, John R. Shrewsberry, Carrie L. Tolstedt, Timothy J. Sloan, David M. Carroll, David Julian, Hope A. Hardison, Michael J. Loughlin, Avid Modjtabai, James M. Strother, John D. Baker II, John S. Chen, Lloyd H. Dean, Elizabeth A. Duke, Susan E. Engel, Enrique Hernandez, Jr., Donald M. James, Cynthia H. Milligan, Federico F. Peña, James H. Quigley, Judith M. Runstad, Stephen W. Sanger, Susan G. Swenson, and Suzanne M. Vautrinot.

(w)     "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, funds of funds, private equity funds, real estate funds, and hedge funds, as to which Wells Fargo or any affiliate of Wells Fargo acts or acted as investment advisor but of which Wells Fargo or any affiliate of Wells Fargo is not a majority owner or does not hold a majority beneficial interest.  This definition of Investment Vehicle does not bring into the Settlement Class Wells Fargo itself.

(x)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(y)     "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(z)     "Lead Plaintiff" or "Union" means Union Asset Management Holding, AG.

(aa)     "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(bb)     "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(cc)   "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Settlement Class Members.

(dd)   "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(ee)   "Parties" means Defendants and Lead Plaintiff, on behalf of itself and the Settlement Class.

(ff)   "Plaintiffs" means Lead Plaintiff, City of Hialeah Employees' Retirement System, Gary Hefler, Marcelo Mizuki, and Guy Solomonov.

(gg)   "Plaintiffs' Counsel" means Lead Counsel and the law firms of Motley Rice LLC, Robbins Geller Rudman & Dowd LLP, and Klausner Kaufman Jensen & Levinson.

(hh)   "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in this consolidated Action, and all Settlement Class Members, and each of Plaintiffs' current or former directors, officers, employees, partners, insurers, co-insurers, reinsurers of said insurers and co-insurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, agents, assigns, spouses, heirs, executors, estates, administrators, related or affiliated entities, any entity in which a Plaintiff has a controlling interest, any Plaintiff's Immediate Family Members, and any trust of which any Plaintiff is the settlor or which is for the benefit of any Plaintiff's family.

(ii)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(jj)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(kk) "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(ll) "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(mm) "Released Defendants' Claims" means all claims, debts, demands, rights or causes of action or liabilities of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, local, foreign, statutory or common law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(nn) "Released Plaintiffs' Claims" means any and all claims, debts, demands, rights or causes of action or liabilities of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, local, foreign, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, that both (i) concern, arise out of, relate to, or are based upon the purchase, acquisition, or ownership of Wells Fargo common stock during the Class Period and (ii) were asserted or could have been asserted in this Action by Lead Plaintiff or any other member of the Settlement Class against any of the Defendants' Releasees that arise out of, relate to, or are based upon any of the allegations, circumstances, events, transactions, facts, matters, occurrences, statements, representations or omissions involved, set forth, or referred to in the Complaint, except for claims relating to the enforcement of the Settlement. "Released Plaintiffs' Claims" does not include the claims asserted in any derivative or ERISA action against any of the

Defendants, including without limitation the claims asserted in *In re Wells Fargo & Co. Shareholder Derivative Litigation*, Case No. 3:16-cv-05541-JST (N.D. Cal.); *Hannon v. Loughlin, et al.*, Case No. 17-cv-07236 (N.D. Cal.); *In re Wells Fargo & Company Derivative Litigation*, Case No. CGC 16-554407 (Cal. Super. Ct.); *Herron v. Stumpf, et al.*, Case No. 18-cv-00466 (Cal. Super. Ct.); *Connecticut Laborers Pension and Annuity Funds, et al. v. John G. Stumpf, et al.*, C.A. No. 2017-0380-SG (Del. Ch.); *Rosenfeld v. Stumpf*, C.A. No. 2017-0383 (Del. Ch.); and *In re: Wells Fargo ERISA 401(k) Litigation*, Case No. 0:16-cv-03405 (D. Minn.), and any cases consolidated into any of the foregoing actions. Also, for the avoidance of doubt, the Settlement does not release any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(oo)  "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(pp)  "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(qq)  "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(rr)  "Settlement Amount" means $480,000,000 in cash.

(ss)  "Settlement Class" means all persons and entities who purchased Wells Fargo common stock from February 26, 2014 through September 20, 2016, inclusive. Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Family Members of any Individual Defendant; (iii) any person who was a director or member of the Operating Committee of Wells Fargo during the Class Period and their Immediate Family Members; (iv) any parent, subsidiary or affiliate of Wells Fargo; (v) any firm, trust, corporation, or other entity in which Defendants or any other excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded persons or entities. Notwithstanding the foregoing exclusions, no Investment Vehicle shall be excluded from the Settlement Class. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

(tt)  "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(uu)  "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(vv)  "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(ww)  "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(xx)  "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(yy)  "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims, in each case which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

> (zz)    "Wells Fargo" or the "Company" means Wells Fargo & Company.

> (aaa)   "Wells Fargo's Counsel" means Sullivan & Cromwell LLP.

## SETTLEMENT CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to:  (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Promptly upon execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each member of the Settlement Class, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other

person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of a Settlement Class Member, in that capacity, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against any of the Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

6.    Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims on behalf of any Defendant, in that capacity, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

7.    Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, as applicable.

## THE SETTLEMENT CONSIDERATION

8.    In consideration of the settlement of the Released Plaintiffs' Claims against Defendants' Releasees, Wells Fargo shall pay or cause to be paid the Settlement Amount into the Escrow Account by the later of:  (a) fifteen (15) business days after the date of entry by the Court of an order preliminarily approving the Settlement; or (b) ten (10) business days after Wells Fargo's Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions to include the bank name and ABA routing

number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

9. Defendants' sole monetary obligation under the Settlement shall be for Wells Fargo to pay or cause to be paid the Settlement Amount and Defendants shall not be liable for any other amounts, *provided, however*, that Wells Fargo shall bear the costs of providing its shareholder lists of holders of Wells Fargo common stock during the Class Period to the Claims Administrator as provided under ¶ 20 below, and disseminating notice under the Class Action Fairness Act of 2005, as provided under ¶ 21 below. The Individual Defendants shall have no obligation to pay or cause to be paid, directly or indirectly, any amount under ¶ 8, or otherwise, in connection with the Settlement.

## USE OF SETTLEMENT FUND

10. The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 19-31 below.

11. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the Federal Deposit Insurance Corporation ("FDIC") may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

12.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Wells Fargo will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

13.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

14.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid, directly or indirectly, any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants,

the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15.     Prior to the Effective Date of the Settlement, Lead Counsel may pay up to $1,250,000 from the Settlement Fund, without further approval from Defendants or further order of the Court, for Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Wells Fargo, any of the other Defendants or Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.  After the Effective Date, Lead Counsel may pay all Notice and Administration Costs from the Settlement Fund without further approval from Defendants or further order of the Court.

## **ATTORNEYS' FEES AND LITIGATION EXPENSES**

16.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiffs' costs and expenses directly related to its representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

17.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part

thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

18. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

19. As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Wells Fargo's obligation to provide or cause to be provided its shareholder records as set forth in ¶ 20 below, none of the Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and

shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any Settlement Class Members or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

20. In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Wells Fargo shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) Wells Fargo's shareholder lists (consisting of names and addresses) of the holders of Wells Fargo common stock during the Class Period.

21. No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"). Wells Fargo shall be solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, or as otherwise ordered by the Court, Wells Fargo's Counsel shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

22. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

23.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  Defendants' Releasees shall have no involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

24.    Any Settlement Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

25.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  Defendants' Releasees shall have no right under the Stipulation to review, contest or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

26.    For purposes of determining the extent, if any, to which a Claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated

therein, including proof of the Claimant's claimed loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to review by

the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)　　If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

27.　　Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

28.　　Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.　　Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from commencing,

instituting, prosecuting, or continuing to prosecute any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

30. No person or entity shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31. All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

32. If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

33. The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)    Wells Fargo has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 37 below);

(d)    Lead Plaintiff has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

34.    Upon the occurrence of all of the events referenced in ¶ 33 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

35.    If (i) Wells Fargo exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises its right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)    Lead Plaintiff and Defendants shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet on April 14, 2018.

(c)    The terms and provisions of this Stipulation, with the exception of this ¶ 35 and ¶¶ 15, 17, 38 and 57, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate

Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d) Within five (5) business days after joint written notification of termination is sent by Wells Fargo's Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 17 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Wells Fargo (or such other persons or entities as Wells Fargo may direct). In the event that the funds received by Lead Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Wells Fargo (or such other persons or entities as Wells Fargo may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 17 above.

36. It is further stipulated and agreed that Lead Plaintiff and Wells Fargo shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 35 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

37.    In addition to the grounds set forth in ¶ 36 above, Wells Fargo shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Wells Fargo's confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall be filed with the Court under seal and *in camera*. The Parties shall request that the Court afford the Supplemental Agreement confidential treatment and shall not otherwise disclose its terms in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs.

## NO ADMISSION OF WRONGDOING

38.    Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken or submissions made pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder and otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

39.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.    Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.    Wells Fargo warrants that, as to the payments made or to be made on behalf of it, at the time of entering into this Stipulation and at the time of such payment it, or to the best of its knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of it render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by Wells Fargo and not by its counsel.

41.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, the Parties shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 35 above, Lead Counsel shall promptly return any attorneys' fees and Litigation Expenses received pursuant to ¶ 17, above, plus accrued interest at the same net rate as is earned by the Settlement Fund, and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 35.

42.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, Lead Plaintiff and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. No party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Judge Phillips, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Lead Plaintiff and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

44.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

45.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

47.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits. All parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

49.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any party hereto may merge, consolidate or reorganize.

51.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56.     If any party is required to give notice to another party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided to any such party at the

email address or physical address of their respective counsel as set forth on the signature pages of this Stipulation.

57. Except as otherwise provided herein, each party shall bear its own costs.

58. Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

59. All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60. No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of July 30, 2018.

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

By: _____
       Salvatore Graziano
salvatore@blbglaw.com
Adam Wierzbowski
adam@blbglaw.com
Rebecca Boon
rebecca.boon@blbglaw.com
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

***Lead Counsel for Lead Plaintiff and the
Settlement Class***

SULLIVAN & CROMWELL LLP

By: _Rich. S H. Klapper_
Richard H. Klapper
klapperr@sullcrom.com
Nicolas Bourtin
bourtinn@sullcrom.com
125 Broad Street
New York, New York 10004-2498
Telephone: (212) 558-3555
Facsimile: (212) 291-9083

Brendan P. Cullen
cullenb@sullcrom.com
Sverker K. Hogberg
hogbergs@sullcrom.com
Ryan J. McCauley
mccauleyr@sullcrom.com
1870 Embarcadero Road
Palo Alto, California 94303
Telephone: (650) 461-5600
Facsimile: (650) 461-5700

Christopher M. Viapiano
viapianoc@sullcrom.com
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006
Telephone: (202) 956-6985
Facsimile: (202) 956-7056

***Counsel for Defendant***
***Wells Fargo & Company***

**GOODWIN PROCTER LLP**

By: _____
    Grant P. Fondo
gfondo@goodwinlaw.com
Lloyd Winawer
LWinawer@goodwinlaw.com
Nicholas A. Reider
NReider@goodwinlaw.com
601 Marshall Street
Redwood City, CA 94063
Telephone: (650) 752-3100
Facsimile: (650) 853-1038

Richard M. Strassberg (*pro hac vice*)
rstrassberg@goodwinlaw.com
Daniel P. Roeser (*pro hac vice*)
droeser@goodwinlaw.com
The New York Times Building 620
Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8859
Facsimile: (646) 558-4203

*Counsel for Defendant John G. Stumpf*

**CLARENCE DYER & COHEN LLP**

By: _____
    Nanci L. Clarence
nclarence@clarencedyer.com
Josh A. Cohen
jcohen@clarencedyer.com
Adam F. Shearer
ashearer@clarencedyer.com
899 Ellis Street
San Francisco, CA 94109
Telephone: (415) 749-1800
Facsimile: (415) 749-1694

*Counsel for Defendant Timothy J. Sloan*

**GOODWIN PROCTER LLP**


By: _____
     Grant P. Fondo
gfondo@goodwinlaw.com
Lloyd Winawer
LWinawer@goodwinlaw.com
Nicholas A. Reider
NReider@goodwinlaw.com
601 Marshall Street
Redwood City, CA 94063
Telephone: (650) 752-3100
Facsimile: (650) 853-1038

Richard M. Strassberg (*pro hac vice*)
rstrassberg@goodwinlaw.com
Daniel P. Roeser (*pro hac vice*)
droeser@goodwinlaw.com
The New York Times Building 620
Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8859
Facsimile: (646) 558-4203

***Counsel for Defendant John G. Stumpf***

**CLARENCE DYER & COHEN LLP**

By: _____
     Nanci L. Clarence
nclarence@clarencedyer.com
Josh A. Cohen
jcohen@clarencedyer.com
Adam F. Shearer
ashearer@clarencedyer.com
899 Ellis Street
San Francisco, CA 94109
Telephone: (415) 749-1800
Facsimile: (415) 749-1694

***Counsel for Defendant Timothy J. Sloan***

**RAMSEY & EHRLICH LLP**

By: _____

Katherine Ann Kates  Ismail J.  Ramsey
katharine@ramsey-ehrlich.com
Miles Ehrlich
miles@ramsey-ehrlich.com
Ismail Ramsey
izzy@ramsey-ehrlich.com
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 548-3600
Facsimile: (510) 291-3060

*Counsel for Defendant John R. Shrewsberry*

**WILLIAMS & CONNOLLY LLP**

By: _____

Enu A. Mainigi
emainigi@wc.com
Leslie Cooper Vigen
lvigen@wc.com
725 Twelfth Street, N.W.
Washington D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Defendant Carrie Tolstedt*

**RAMSEY & EHRLICH LLP**


By: _____
     Katherine Ann Kates
katharine@ramsey-ehrlich.com
Miles Ehrlich
miles@ramsey-ehrlich.com
Ismail Ramsey
izzy@ramsey-ehrlich.com
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 548-3600
Facsimile: (510) 291-3060

*Counsel for Defendant John R. Shrewsberry*

**WILLIAMS & CONNOLLY LLP**


By: *Enu Mainigi* /BPH
    Enu A. Mainigi
emainigi@wc.com
Leslie Cooper Vigen
lvigen@wc.com
725 Twelfth Street, N.W.
Washington D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Defendant Carrie Tolstedt*

ARGUEDAS, CASSMAN & HEADLEY
LLP

By: _Ted W. Cassman for:_

    Cristina C. Arguedas
arguedas@achlaw.com
Laurel L. Headley
headley@achlaw.com
Ted W. Cassman
cassman@achlaw.com
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000
Facsimile: (510) 845-3001

*Counsel for Defendant Michael J. Loughlin*

**COBLENTZ PATCH DUFFY & BASS LLP**


By: _____

    Timothy P. Crudo
tcrudo@coblentzlaw.com
Rees F. Morgan
rmorgan@coblentzlaw.com
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 677-5219
Facsimile: (415) 989-1663

*Counsel for Defendant David Julian*

ARGUEDAS, CASSMAN & HEADLEY
   LLP


By: _____
      Cristina C. Arguedas
arguedas@achlaw.com
Laurel L. Headley
headley@achlaw.com
Ted W. Cassman
cassman@achlaw.com
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000
Facsimile: (510) 845-3001

*Counsel for Defendant Michael J. Loughlin*

**COBLENTZ PATCH DUFFY & BASS LLP**

By: _____
      Timothy P. Crudo
tcrudo@coblentzlaw.com
Rees F. Morgan
rmorgan@coblentzlaw.com
One Montgomery Street, Suite 3000
San Francisco, CA 94104
Telephone: (415) 677-5219
Facsimile: (415) 989-1663

*Counsel for Defendant David Julian*

**FARELLA BRAUN & MARTEL LLP**


By: _____

    Douglas R. Young
dyoung@fbm.com
C. Brandon Wisoff
bwisoff@fbm.com
Janice W. Reicher
JReicher@fbm.com
Claire M. Johnson
cjohnson@fbm.com
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4488

*Counsel for Defendant Avid Modjtabai*

**SWANSON & MCNAMARA LLP**


By: _____

    Mary G. McNamara
mary@smllp.law
Ed Swanson
ed@smllp.law
Britt Evangelist
britt@smllp.law
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010

*Counsel for Defendant Hope A. Hardison*

**FARELLA BRAUN & MARTEL LLP**


By: _____
    Douglas R. Young
dyoung@fbm.com
C. Brandon Wisoff
bwisoff@fbm.com
Janice W. Reicher
JReicher@fbm.com
Claire M. Johnson
cjohnson@fbm.com
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4488

*Counsel for Defendant Avid Modjtabai*

**SWANSON & MCNAMARA LLP**


By: _____
    Mary G. McNamara
mary@smllp.law
Ed Swanson
ed@smllp.law
Britt Evangelist
britt@smllp.law
300 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010

*Counsel for Defendant Hope A. Hardison*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: _____
    Walter F. Brown
wbrown@orrick.com
James N. Kramer
jkramer@orrick.com
Lily Becker
lbecker@orrick.com
The Orrick Building
405 Howard Street, San Francisco 94105
Telephone: (415) 773-5995

*Counsel for Defendants David M. Carroll and James M. Strother*

**MORRISON & FOERSTER LLP**

By: _____
    Jordan Eth
jeth@mofo.com
Anna Erickson White
awhite@mofo.com
Amanda Treleaven
atreleaven@mofo.com
425 Market Street, San Francisco, CA 94105
Telephone: (415) 268-7126
Facsimile: (415) 268-7522

*Counsel for Defendants John D. Baker II, John S. Chen, Lloyd H. Dean, Elizabeth A. Duke, Susan E. Engel, Enrique Hernandez Jr., Donald M. James, Cynthia H. Milligan, Federico F. Peña, James H. Quigley, Judith M. Runstad, Stephen W. Sanger, Susan G. Swenson, and Suzanne M. Vautrinot*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**


By: _____
    Walter F. Brown
wbrown@orrick.com
James N. Kramer
jkramer@orrick.com
Lily Becker
lbecker@orrick.com
The Orrick Building
405 Howard Street, San Francisco 94105
Telephone: (415) 773-5995

*Counsel for Defendants David M. Carroll and James M. Strother*

**MORRISON & FOERSTER LLP**


By: _____
    Jordan Eth
jeth@mofo.com
Anna Erickson White
awhite@mofo.com
Amanda Treleaven
atreleaven@mofo.com
425 Market Street, San Francisco, CA 94105
Telephone: (415) 268-7126
Facsimile: (415) 268-7522

*Counsel for Defendants John D. Baker II, John S. Chen, Lloyd H. Dean, Elizabeth A. Duke, Susan E. Engel, Enrique Hernandez Jr., Donald M. James, Cynthia H. Milligan, Federico F. Peña, James H. Quigley, Judith M. Runstad, Stephen W. Sanger, Susan G. Swenson, and Suzanne M. Vautrinot*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY HEFLER, MARCELO MIZUKI, GUY SOLOMONOV, UNION ASSET MANAGEMENT HOLDING AG, and CITY OF HIALEAH EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v s . <br><br> WELLS FARGO & COMPANY, JOHN G. STUMPF, JOHN R. SHREWSBERRY, CARRIE L. TOLSTEDT, TIMOTHY J. SLOAN, DAVID M. CARROLL, DAVID JULIAN, HOPE A. HARDISON, MICHAEL J. LOUGHLIN, AVID MODJTABAI, JAMES M. STROTHER, JOHN D. BAKER II, JOHN S. CHEN, LLOYD H. DEAN, ELIZABETH A. DUKE, SUSAN E. ENGEL, ENRIQUE HERNANDEZ JR., DONALD M. JAMES, CYNTHIA H. MILLIGAN, FEDERICO F. PEÑA, JAMES H. QUIGLEY, JUDITH M. RUNSTAD, STEPHEN W. SANGER, SUSAN G. SWENSON, and SUZANNE M. VAUTRINOT, <br><br> Defendants. | Case No. 3:16-cv-05479-JST <br><br> CLASS ACTION |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending in this Court entitled *Hefler, et al. v. Wells Fargo & Company, et al.*, Case No. 3:16-cv-05479-JST (N.D. Cal.) (the "Action");

WHEREAS, (a) Lead Plaintiff, Union Asset Management Holding, AG ("Lead Plaintiff"), on behalf of itself and the other members of the Settlement Class (defined below), and (b) defendant Wells Fargo & Company ("Wells Fargo") and defendants John G. Stumpf, John R. Shrewsberry, Carrie L. Tolstedt, Timothy J. Sloan, David M. Carroll, David Julian, Hope A. Hardison, Michael J. Loughlin, Avid Modjtabai, James M. Strother, John D. Baker II, John S. Chen, Lloyd H. Dean, Elizabeth A. Duke, Susan E. Engel, Enrique Hernandez, Jr., Donald M. James, Cynthia H. Milligan,

Federico F. Peña, James H. Quigley, Judith M. Runstad, Stephen W. Sanger, Susan G. Swenson, and Suzanne M. Vautrinot (collectively, the "Individual Defendants," and together with Wells Fargo, "Defendants"; and together with Lead Plaintiff, the "Parties") have agreed to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated July 30, 2018 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and directing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Class Certification for Settlement Purposes</u>** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased Wells Fargo common stock from February 26, 2014 through September 20, 2016, inclusive. Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Family Members of any Individual Defendant; (iii) any person who was a director or member of the Operating Committee of Wells Fargo during the Class Period and their Immediate Family Members; (iv) any parent, subsidiary or affiliate of Wells Fargo; (v) any firm, trust, corporation, or other entity in which Defendants or any other excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded persons or entities. Notwithstanding the foregoing exclusions, no Investment Vehicle (as defined in

the Stipulation) shall be excluded from the Settlement Class. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff and named plaintiffs City of Hialeah Employees' Retirement System, Gary Hefler, Marcelo Mizuki, and Guy Solomonov (collectively, "Plaintiffs") in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any individual questions; and (f) a class action is superior to other available methods for the fair and efficient disposition of the Action.

3. The Court hereby finds and concludes that pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2018 at __:__ _.m. in Courtroom 9 of the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions

provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation of the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 8 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. **CAFA Notice** – As provided in the Stipulation, Defendants are required to serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Wells Fargo shall be solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Wells Fargo's Counsel shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, of compliance with CAFA § 1715(b).

8. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Epiq Class Action & Mass Tort Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) within ten (10) business days of the date of entry of this Order, Wells Fargo shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to

the Settlement Fund, Lead Counsel, or the Claims Administrator) a list or lists (consisting of names and addresses) of the holders of Wells Fargo common stock during the Class Period;

(b) not later than fifteen (15) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Wells Fargo or in the records which Wells Fargo caused to be provided, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once each in *The Wall Street Journal* and the *Los Angeles Times* and to be transmitted once over the *PR Newswire*; and

(e) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9. **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for

attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

10. **Nominee Procedures** – Brokers and other nominees who purchased Wells Fargo common stock during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11. **Participation in the Settlement** – Claimants who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for

processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Claimant must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.   **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:  *Wells Fargo & Company Securities Litigation*, EXCLUSIONS, c/o Epiq, P.O. Box 3770, Portland, OR 97208-3770, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Hefler v. Wells Fargo & Company*, Case No. 3:16-cv-05479-JST"; (iii) state the number of shares of Wells Fargo common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on February 26, 2014, and (B) purchased and/or sold during the Class Period, as well as the number of shares, dates and prices for each such purchase and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

15.   Any person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

16.   Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement

Class; and (d) will be barred from commencing, instituting, prosecuting, or continuing to prosecute any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Wells Fargo's Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Wells Fargo's Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|                     |                          |
|---------------------|--------------------------|
| **Lead Counsel**    | **Wells Fargo's Counsel** |
| Bernstein Litowitz Berger & Grossmann LLP | Sullivan & Cromwell LLP |
| Salvatore J. Graziano, Esq. | Brendan P. Cullen |
| 1251 Avenue of the Americas, 44th Floor | 1870 Embarcadero Road |
| New York, NY  10020 | Palo Alto, CA 94303 |

19.     Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Wells Fargo common stock that the objector (i) owned as of the opening of trading on February 26, 2014, and (ii) purchased and/or sold during the Class Period, as well as the number of shares, dates and prices for each such purchase and sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.     Any Settlement Class Member that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be

approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing, instituting, prosecuting, or continuing to prosecute any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

22.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23.    **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.    **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on April 14, 2018, as provided in the Stipulation.

26.    **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken or submissions made pursuant to or

in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27. **<u>Supporting Papers</u>** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2018.

_____
The Honorable Jon S. Tigar
United States District Judge

#1195733

# Exhibit A-1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY HEFLER, MARCELO MIZUKI, GUY SOLOMONOV, UNION ASSET MANAGEMENT HOLDING AG, and CITY OF HIALEAH EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, )))))))<br><br>Plaintiffs, )))<br><br>v s . )))<br><br>WELLS FARGO & COMPANY, JOHN G. STUMPF, JOHN R. SHREWSBERRY, CARRIE L. TOLSTEDT, TIMOTHY J. SLOAN, DAVID M. CARROLL, DAVID JULIAN, HOPE A. HARDISON, MICHAEL J. LOUGHLIN, AVID MODJTABAI, JAMES M. STROTHER, JOHN D. BAKER II, JOHN S. CHEN, LLOYD H. DEAN, ELIZABETH A. DUKE, SUSAN E. ENGEL, ENRIQUE HERNANDEZ JR., DONALD M. JAMES, CYNTHIA H. MILLIGAN, FEDERICO F. PEÑA, JAMES H. QUIGLEY, JUDITH M. RUNSTAD, STEPHEN W. SANGER, SUSAN G. SWENSON, and SUZANNE M. VAUTRINOT, )))))))))))))))))))<br><br>Defendants. )) | Case No. 3:16-cv-05479-JST<br><br>CLASS ACTION |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of California (the "Court"), if you purchased the common stock of Wells Fargo & Company ("Wells Fargo") during the period from February 26, 2014 through September 20, 2016, inclusive (the "Class Period").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff, Union Asset Management Holding, AG ("Lead Plaintiff"), on behalf of itself and the Settlement Class

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 30, 2018 (the "Stipulation"), which is available at www.WellsFargoSecuritiesLitigation.com.

(as defined in ¶ 25 below), has reached a proposed settlement of the Action for $480,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Wells Fargo, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 89 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Wells Fargo and certain of its officers and directors (the "Individual Defendants")[2] violated the federal securities laws by making false and misleading statements regarding Wells Fargo's business. A more detailed description of the Action is set forth in paragraphs 11-24 below. If the Court approves the proposed Settlement, the Action will be dismissed and members of the Settlement Class (defined in paragraph 25 below) will settle and release all Released Plaintiffs' Claims (defined in paragraph 36 below).

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $480,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiff's damages expert's estimates of the number of shares of Wells Fargo common stock purchased during the Class Period that may have been affected by the conduct alleged in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.44. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their Wells Fargo common stock, and the total number and value of valid Claim Forms submitted. Distributions to Settlement Class

---

[2] The "Individual Defendants" are John G. Stumpf, John R. Shrewsberry, Carrie L. Tolstedt, Timothy J. Sloan, David M. Carroll, David Julian, Hope A. Hardison, Michael J. Loughlin, Avid Modjtabai, James M. Strother, John D. Baker II, John S. Chen, Lloyd H. Dean, Elizabeth A. Duke, Susan E. Engel, Enrique Hernandez, Jr., Donald M. James, Cynthia H. Milligan, Federico F. Peña, James H. Quigley, Judith M. Runstad, Stephen W. Sanger, Susan G. Swenson, and Suzanne M. Vautrinot. Wells Fargo and the Individuals Defendants are collectively referred to as "Defendants."

Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4.  **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.  Nevertheless, Lead Plaintiff's best estimate is that, if it were able to prevail in the Action, it would be able to recover between approximately $351.3 million and $3.064 billion on behalf of the Settlement Class.  Accordingly, the settlement payment of $480,000,000 represents between approximately 137% and 15.7% of these recovery estimates.  These approximate estimates are based on publicly available information concerning trading in Wells Fargo securities and Lead Plaintiff's damages expert's calculations of the estimated amount of artificial inflation in the per-share closing price of Wells Fargo common stock during the Class Period.  Defendants do not agree with and dispute these estimates and dispute that the Settlement Class would be entitled to any recovery.  Indeed, Plaintiffs faced significant risks in proving loss causation and damages.  These risks include that: (i) on September 8, 2016 (when Wells Fargo first disclosed that it had settled regulators' claims of creating fake or unauthorized accounts for $185 million), Wells Fargo's stock price did not decline in value, but, in fact, increased from the prior day's close; (ii) Defendants would argue that the decline in Wells Fargo's stock price the following day was not statistically significant, and that it was not sufficient to establish either loss causation or damages; (iii) Defendants would argue that all subsequent stock price declines (on September 12, 13, 15 and 21) were too late, or not caused by the revelation of new, actionable information because Defendants had already disclosed the alleged fraud on September 8; (iv) Defendants would argue that subsequent action taken by the government, and any admissions by Wells Fargo, did not materially add to the mix of information already in the market as of September 8, 2016; (v) on September 20, 2016 (when Defendant Stumpf publicly testified that the Wells Fargo Board of Directors was aware of fraudulent accounts by at least 2013), Wells Fargo's stock price did not decline in value, but, in fact, again increased from the prior day's close; (vi) Defendants would argue that the stock price decline on September 21, 2016 was caused by independent third party commentary on Stumpf's testimony, and not the revelation of new facts concerning the alleged fraud; and (vii) Defendants would argue that investors' gains attributable to the alleged fraud on shares of Wells Fargo common stock purchased before the Class Period must be used to offset any claimed losses arising from the fraud.

5.  **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 20% of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $750,000, and for reimbursement of reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in an amount not to exceed $50,000.  Any fees and expenses awarded by the

Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost per affected share of Wells Fargo common stock, if the Court approves Lead Counsel's fee and expense application, is $0.09 per share.

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by Salvatore J. Graziano, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, (800) 380-8496, settlements@blbglaw.com.

7. **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2018.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 36 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 37 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2018 AT \_\_\_:\_\_\_ \_\_.M., AND FILE A** | Filing a written objection and notice of intention to appear by _____, 2018 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed |

| NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018. | Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
|---|---|
| DO NOTHING. | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? — Page __
What Is This Case About? — Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class? — Page __
What Are Lead Plaintiff's Reasons For The Settlement? — Page __
What Might Happen If There Were No Settlement? — Page __
How Are Settlement Class Members Affected By The Action
  And The Settlement? — Page __
How Do I Participate In The Settlement? What Do I Need To Do? — Page __
How Much Will My Payment Be? — Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid? — Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
  How Do I Exclude Myself? — Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
  Do I Have To Come To The Hearing? May I Speak At The Hearing If I
  Don't Like The Settlement? — Page __
What If I Bought Shares On Someone Else's Behalf? — Page __
Can I See The Court File? Whom Should I Contact If I Have Questions? — Page __

## WHY DID I GET THIS NOTICE?

8. The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased Wells Fargo common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court

approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* paragraph 74 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

<div style="border:1px solid black; text-align:center; font-weight:bold">WHAT IS THIS CASE ABOUT?</div>

11. The Action involves allegations that, during the period from February 26, 2014 through September 20, 2016, Defendants made misrepresentations and omissions about a key element of Wells Fargo's business, its "cross-selling" business model, including failing to disclose that thousands of Wells Fargo employees were opening unauthorized deposit and credit card accounts without the knowledge or consent of Wells Fargo's customers.

12. On September 26, 2016, a class action complaint, styled *Hefler v. Wells Fargo & Company, et al.*, Case No. 16-cv-05479, was filed in the United States District Court for the Northern District of California (the "Court") asserting violations of federal securities laws against Wells Fargo and certain of the Individual Defendants. A related securities class action complaint, *Klein v. Wells Fargo & Company, et al.*, Case No. 16-cv-5513, was filed on September 28, 2016.

13. By order dated January 5, 2017, the Court consolidated the two securities class actions, appointed Union Asset Management Holding, AG as lead plaintiff for the Action, and approved Union's selection of Motley Rice LLC as lead counsel and Robbins Geller Rudman & Dowd LLP as liaison counsel.

14. On March 6, 2017, Lead Plaintiff and named plaintiffs Gary Hefler, Marcelo Mizuki, and Guy Solomonov filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint"). The Consolidated Complaint asserted claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against Wells Fargo and Defendants Stumpf, Sloan, Tolstedt, Carroll, Modjtabai, Loughlin and Shrewsberry; under Section 20A of the Exchange Act against Defendants Carroll, Loughlin, Modjtabai, Sloan, Stumpf and Tolstedt; and under Section 20(a) of the Exchange Act against all Defendants.

15. On May 16, 2017, Lead Plaintiff filed a Stipulation and Proposed Order substituting Bernstein Litowitz Berger & Grossmann LLP for Motley Rice LLP as Lead Counsel for the Action, which the Court approved on May 17, 2017.

16. On June 19, 2017, Defendants filed and served eight motions to dismiss the Consolidated Complaint. On August 21, 2017, Lead Plaintiff filed and served its omnibus opposition to Defendants' motions to dismiss, and on September 25, 2017, Defendants filed and served their replies in further support of their motions to dismiss.

17. While Defendants' motions to dismiss were pending, the Parties agreed to discuss the possibility of resolving the Action through settlement and scheduled a mediation with former United States District Judge Layn R. Phillips. In advance of the mediation, the Parties prepared and exchanged detailed mediation statements addressing liability and damages issues. The Parties participated in a full-day mediation session before Judge Phillips in New York City on February 6, 2018, but the Parties did not reach an agreement at that mediation.

18. On February 27, 2018, the Court entered its Order granting in part and denying in part Defendants' motions to dismiss the Consolidated Complaint. The Court dismissed, without prejudice, the claims against Defendants Carroll, Loughlin, and Modjtabai under Sections 10(b) and 20A and against Defendant Tolstedt under Section 20A. In all other respects, the Court denied Defendants' motions to dismiss.

19. On March 8, 2018, Wells Fargo produced to Lead Plaintiff the documents produced to plaintiffs in *In re Wells Fargo & Company Shareholder Derivative Litigation*, No. 16-CV-5541-JST (N.D. Cal.).

20. On March 15, 2018, Lead Plaintiff, named plaintiffs Hefler, Mizuki and Solomonov, and additional named plaintiff City of Hialeah Employees' Retirement System (collectively, "Plaintiffs") filed the Second Consolidated Class Action Complaint for Violations of Federal Securities Laws (the "Complaint"). The Complaint asserts claims under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder against Wells Fargo and Defendants Stumpf, Sloan, Tolstedt, and Shrewsberry; under Section 20A of the Exchange Act against Defendants Sloan, Stumpf and Tolstedt; and under Section 20(a) of the Exchange Act against all Defendants. The Complaint alleges that, during the Class Period, Wells Fargo and certain of the Individual Defendants made repeated misrepresentations and omissions about a core element of Wells Fargo's business, its "cross-selling" business model, including failing to disclose that thousands of Wells Fargo employees were opening unauthorized deposit and credit card accounts without the knowledge or consent of the customers. The Complaint further alleges that the price of Wells Fargo stock was artificially inflated during the Class Period as a result of those misrepresentations and omissions and that the price fell sharply when the truth began to be revealed in September 2016. The Complaint also alleges that certain of the Individual Defendants personally profited by selling Wells Fargo common stock during the Class Period while in possession of adverse, material non-public information.

21. The Parties scheduled a second mediation session before Judge Phillips for April 13, 2018. In advance of that session, the Parties held a telephonic meet-and-confer to discuss damages and prepared and exchanged supplemental mediation statements. After a day and a half of intensive negotiations on Friday, April 13 and Saturday, April 14, and with the assistance of Judge Phillips, the Parties reached an agreement in principle to settle the Action that the Parties

memorialized in a term sheet (the "Term Sheet") executed on April 14, 2018. The Term Sheet sets forth the Parties' agreement to settle and release all claims against Defendants in return for a cash payment of $480,000,000 to be paid by Wells Fargo on behalf of all Defendants for the benefit of the Settlement Class, subject to the completion of due diligence discovery and other terms and conditions, including the execution of a formal stipulation and agreement of settlement and related papers.

22. Lead Counsel conducted extensive due diligence discovery regarding the strengths and weaknesses of Plaintiffs' claims to assure the reasonableness of the proposed Settlement. The due diligence discovery included the review of more than three million pages of discovery produced by Wells Fargo beginning on April 3, 2018, including documents from 65 custodians negotiated by the parties. The due diligence discovery has confirmed Lead Plaintiff's and Lead Counsel's belief that the Settlement is fair, reasonable and adequate.

23. On July 30, 2018, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement. The Stipulation can be viewed at www.WellsFargoSecuritiesLitigation.com.

24. On _____ ___, 2018, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS? |
| :---: |

25. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who purchased shares of Wells Fargo common stock from February 26, 2014 through September 20, 2016, inclusive (the "Class Period").

Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Family Members[3] of any Individual Defendant; (iii) any person who was a director or member of the Operating Committee of Wells Fargo during the Class Period and their Immediate Family Members; (iv) any parent, subsidiary or affiliate of Wells Fargo; (v) any firm, trust, corporation, or other entity in which Defendants or any other excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded persons or entities. Notwithstanding the foregoing exclusions, no Investment Vehicle[4] shall be excluded from the Settlement Class. Also

---

[3] "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this definition, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

[4] "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to mutual fund families, exchange-traded funds, funds of funds, private equity funds, real estate funds, and hedge funds, as to which Wells Fargo or any affiliate of Wells Fargo acts or acted as investment advisor but of which Wells Fargo or any affiliate of Wells Fargo is not a majority owner or

excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2018.**

| **WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?** |
| --- |

26. Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. To defeat summary judgment and prevail at trial, Lead Plaintiff would have been required to prove not only that Defendants' statements about Wells Fargo's cross-sell metric and related practices were false, but that the Individual Defendants knew that their statements were false when made or were reckless in making the statements, and that the revelation of the truth about Defendants' false and misleading statements caused declines in the price of Wells Fargo's stock. In addition, Lead Plaintiff would have had to establish the amount of class-wide damages.

27. Defendants would have had substantial arguments to make concerning each of these issues. For example, Defendants would have argued that any misstatements they made were immaterial given the impact the alleged sales misconduct had on the Company's reported cross-sell metrics. Defendants also would have argued that Lead Plaintiff could not prove intent to defraud, or scienter, because the Individual Defendants did not appreciate the extent of sales misconduct at the Company or anticipate the public reaction it would elicit once disclosed, and in fact believed that the scope of sales misconduct was limited and under control. In addition, Defendants would have argued that the decline in Wells Fargo's stock price was not caused by revelation that the Company's reported cross-sell metrics were overstated, and that, even if some portion of the decline was caused by such revelations, any resulting damages to Lead Plaintiff and the Settlement Class were small. Had any of these arguments been accepted in whole or in part, it could have eliminated or, at a minimum, drastically limited any potential recovery.

28. Further, in order to obtain recovery for the Class, Lead Plaintiff would have to prevail at several stages – class certification, summary judgment, and trial – and, even if it prevailed on those, on the appeals that were likely to follow. Thus, there were significant risks attendant to

does not hold a majority beneficial interest. This definition of Investment Vehicle does not bring into the Settlement Class Wells Fargo itself.

the continued prosecution of the Action, and there was no guarantee that further litigation would have resulted in a higher recovery, or any recovery at all.

29. In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $480,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial, and appeals, possibly years in the future.

30. Defendants have denied all claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

<div style="border:1px solid; text-align:center; font-weight:bold;">WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?</div>

31. If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover less than the amount provided in the Settlement, or nothing at all.

<div style="border:1px solid; text-align:center; font-weight:bold;">HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED<br>BY THE ACTION AND THE SETTLEMENT?</div>

32. As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

33. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page [__] below.

34. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

35. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is

approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in ¶ 36 below) on behalf of a Settlement Class Member, in that capacity, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees (as defined in ¶ 37 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

36. "Released Plaintiffs' Claims" means any and all claims, debts, demands, rights or causes of action or liabilities of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, local, foreign, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, that both (i) concern, arise out of, relate to, or are based upon the purchase, acquisition, or ownership of Wells Fargo common stock during the Class Period and (ii) were asserted or could have been asserted in this Action by Lead Plaintiff or any other member of the Settlement Class against any of the Defendants' Releasees that arise out of, relate to, or are based upon any of the allegations, circumstances, events, transactions, facts, matters, occurrences, statements, representations or omissions involved, set forth, or referred to in the Complaint, except for claims relating to the enforcement of the Settlement. "Released Plaintiffs' Claims" does not include the claims asserted in any derivative or ERISA action against any of the Defendants, including without limitation the claims asserted in *In re Wells Fargo & Co. Shareholder Derivative Litigation*, Case No. 3:16-cv-05541-JST (N.D. Cal.); *Hannon v. Loughlin, et al.*, Case No. 17-cv-07236 (N.D. Cal.); *In re Wells Fargo & Company Derivative Litigation*, Case No. CGC 16-554407 (Cal. Super. Ct.); *Herron v. Stumpf, et al.*, Case No. 18-cv-00466 (Cal. Super. Ct.); *Connecticut Laborers Pension and Annuity Funds, et al. v. John G. Stumpf, et al.*, C.A. No. 2017-0380-SG (Del. Ch.); *Rosenfeld v. Stumpf*, C.A. No. 2017-0383 (Del. Ch.); and *In re: Wells Fargo ERISA 401(k) Litigation*, Case No. 0:16-cv-03405 (D. Minn.), and any cases consolidated into any of the foregoing actions. Also, for the avoidance of doubt, the Settlement does not release any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

37. "Defendants' Releasees" means Defendants and each of Defendants' current or former directors, officers, employees, partners, insurers, co-insurers, reinsurers of said insurers and co-insurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, agents, assigns, spouses, heirs, executors, estates, administrators, related or affiliated entities, any entity in which a Defendant has a controlling interest, any Individual Defendant's Immediate Family Members, and any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's family.

38.   "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims, in each case which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

39.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims (as defined in ¶ 40 below) on behalf of any Defendant, in that capacity, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim  against Lead Plaintiff and the other Plaintiffs' Releasees (as defined in ¶ 41 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

40.   "Released Defendants' Claims" means all claims, debts, demands, rights or causes of action or liabilities of every nature and description (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether known claims or Unknown Claims, whether arising under federal, state, local, foreign, statutory or common law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

41.   "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in this consolidated Action, and all Settlement Class Members, and each of Plaintiffs' current or former directors, officers, employees, partners, insurers, co-insurers, reinsurers of said insurers and co-insurers, controlling shareholders, attorneys, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, agents, assigns, spouses, heirs, executors, estates, administrators, related or affiliated entities, any entity in which a Plaintiff has

a controlling interest, any Plaintiff's Immediate Family Members, and any trust of which any Plaintiff is the settlor or which is for the benefit of any Plaintiff's family.

| **HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?** |
|:---:|

42.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2018**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.WellsFargoSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-855-349-6457.  Please retain all records of your ownership of and transactions in Wells Fargo common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| **HOW MUCH WILL MY PAYMENT BE?** |
|:---:|

43.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

44.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid four hundred eighty million dollars ($480,000,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

45.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

46.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

47.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

48.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2018 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 36 above) against the Defendants' Releasees (as defined in ¶ 37 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

49.   Participants in and beneficiaries of a Wells Fargo employee benefit plan covered by ERISA ("Wells Fargo ERISA Plan") should NOT include any information relating to their transactions in Wells Fargo common stock held through the Wells Fargo ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares or notes that they purchased outside of the Plan.  For Claims based on any Wells Fargo ERISA Plan's purchases of Wells Fargo common stock during the Settlement Class Period, a determination about whether to participate in the Settlement will be made by a Plan fiduciary and, if that Plan fiduciary determines to participate in the Settlement, it will submit such Claims.  To the extent that any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the Wells Fargo ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the Plan.

50.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

51.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

52.   Only Settlement Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

53.   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Complaint.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

54.   In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amount of artificial inflation in the per-share closing price of Wells Fargo common

stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions.

55.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in Wells Fargo common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.  The estimated artificial inflation per share of Wells Fargo common stock is stated in Table A at the end of this Notice.

56.  In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Wells Fargo common stock.  In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the period between February 26, 2014 and September 20, 2016, inclusive, which had the effect of artificially inflating the price of Wells Fargo common stock.  Lead Plaintiff further alleges that corrective information was released to the market on September 8, 2016, September 13, 2016, September 14, 2016, and September 20 and 21, 2016, which partially removed the artificial inflation from the price of Wells Fargo common stock, and caused material stock price declines on:  September 9-12, 2016, September 13, 2016, September 15, 2016, and September 21, 2016.

57.  Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Wells Fargo common stock at the time of purchase and at the time of sale or the difference between the actual purchase price and sale price.  In order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who or which purchased Wells Fargo common stock prior to the first corrective disclosure, which occurred on September 8, 2016, must have held his, her or its shares of Wells Fargo common stock until at least September 9, 2016.  A Settlement Class Member who purchased Wells Fargo common stock from September 9, 2016 through and including the end of the day on September 20, 2016, must have held those shares through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Wells Fargo common stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

58.  Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase of Wells Fargo common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

59.  For each share of Wells Fargo common stock purchased during the Class Period (*i.e.*, during the period from February 26, 2014 through and including the close of trading on September 20, 2016), and:

(a)  Sold before September 9, 2016, the Recognized Loss Amount will be $0.00;

(b)  Sold from September 9, 2016 through and including September 20, 2016, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the

purchase price *minus* the sale price.

(c) Sold from September 21, 2016 through and including the close of trading on December 19, 2016, the Recognized Loss Amount will be *the least of*: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A; (ii) the purchase price *minus* the average closing price between September 21, 2016 and the date of sale as stated in Table B below; or (iii) the purchase price *minus* the sale price.

(d) Held as of the close of trading on December 19, 2016, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A; or (ii) the purchase price *minus* $48.96.[5]

## ADDITIONAL PROVISIONS

60. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her or its Recognized Loss Amounts as calculated above with respect to Wells Fargo common stock.

61. **FIFO Matching:** If a Settlement Class Member made more than one purchase or sale of Wells Fargo common stock during the relevant period, all purchases and sales will be matched on a First In, First Out ("FIFO") basis. Sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

62. **"Purchase/Sale" Dates:** Purchases and sales of Wells Fargo common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. "Purchases" eligible under the Settlement and this Plan of Allocation include all purchases or other acquisitions of Wells Fargo common stock in exchange for value and are not limited to purchases made on or through a stock exchange, as long as the purchase is adequately documented. However, the receipt or grant by gift, inheritance, or operation of law of Wells Fargo common stock during the Class Period shall not be deemed a purchase or sale of Wells Fargo common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of Wells Fargo common stock unless (i) the donor or decedent purchased the shares during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to

---

[5] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Wells Fargo common stock during the "90-day look-back period," September 21, 2016 through and including December 19, 2016. The mean (average) closing price for Wells Fargo common stock during this period was $48.96.

transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares.

63. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase of the Wells Fargo common stock. The date of a "short sale" is deemed to be the date of sale of the Wells Fargo common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero. In the event that a Claimant has an opening short position in Wells Fargo common stock, the earliest purchases of Wells Fargo common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

64. **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to Wells Fargo common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

65. **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Wells Fargo common stock during the Class Period. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[6] and (ii) the sum of the Claimant's Total Sales Proceeds[7] and the Claimant's Holding Value.[8] If the Claimant's Total Purchase Amount _minus_ the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

66. If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Wells Fargo common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Wells Fargo common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

---

[6] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all shares of Wells Fargo common stock purchased during the Class Period.

[7] The Claims Administrator shall match any sales of Wells Fargo common stock during the Class Period first against the Claimant's opening position in Wells Fargo common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of Wells Fargo common stock sold during the Class Period is the "Total Sales Proceeds."

[8] The Claims Administrator shall ascribe a "Holding Value" of $45.83 to each share of Wells Fargo common stock purchased during the Class Period that was still held as of the close of trading on September 20, 2016. The Holding Value is based on the closing price of Wells Fargo common stock on September 21, 2016.

67.    **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share or "Distribution Amount" will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

68.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

69.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.  Those funds will be included in the distribution to other Authorized Claimants.

70.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to the Investor Protection Trust.

71.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Lead Plaintiff's damages expert, Lead Plaintiff's consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

72.    The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with its damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.

Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.WellsFargoSecuritiesLitigation.com.

<div style="border:1px solid black; padding:10px; text-align:center;">

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

</div>

73. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 20% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses paid or incurred by Plaintiffs' Counsel in an amount not to exceed $750,000, as well as an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in an amount not to exceed $50,000. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

<div style="border:1px solid black; padding:10px; text-align:center;">

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?**

</div>

74. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Wells Fargo Securities Litigation*, EXCLUSIONS, c/o Epiq, P.O. Box 3770, Portland, OR 97208-3770. The exclusion request must be ***received* no later than** _____, **2018**. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in the *Hefler v. Wells Fargo & Company*, Case No. 3:16-cv-05479-JST"; (c) state the number of shares of Wells Fargo common stock that the person or entity requesting exclusion (i) owned as of the opening of trading on February 26, 2014, and (ii) purchased and/or sold during the Class Period (*i.e.*, from February 26, 2014 through September 20, 2016, inclusive), as well as the number of shares, dates and prices for each such purchase and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

75. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

76. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

77.  Wells Fargo has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Wells Fargo.

<div style="border:1px solid black; text-align:center; font-weight:bold;">

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

</div>

78.  **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

79.  The Settlement Hearing will be held on _____, 2018 at __:__ _.m., before the Honorable Jon S. Tigar at the United States District Court for the Northern District of California, Courtroom 9 of the Phillip Burton Federal Building & U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

80.  Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of California at the address set forth below on or before _____, 2018.  You must also serve the papers on Lead Counsel and on Wells Fargo's Counsel by either mail or email at the addresses set forth below so that the papers are *received* **on or before _____, 2018**.

| <u>Clerk's Office</u> | <u>Lead Counsel</u> | <u>Wells Fargo's Counsel</u> |
|---|---|---|
| United States District Court | Bernstein Litowitz Berger & | Sullivan & Cromwell LLP |
| Northern District of California | Grossmann LLP | Brendan P. Cullen |
| Clerk of the Court | Salvatore J. Graziano, Esq. | 1870 Embarcadero Road |
| Phillip Burton Federal | 1251 Avenue of the Americas, | Palo Alto, CA 94303 |
| Building & U.S. Courthouse | 44th Floor | cullenb@sullcrom.com |
| 450 Golden Gate Avenue | New York, NY 10020 | |
| San Francisco, CA 94102 | settlements@blbglaw.com | |

81.  Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including documents showing the number of shares of Wells Fargo common stock that the objector (i) owned as of the opening of trading on February 26, 2014, and

(ii) purchased and/or sold during the Class Period (*i.e.*, from February 26, 2014 through September 20, 2016, inclusive), as well as the number of shares, dates and prices for each such purchase and sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

82. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

83. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

84. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received* on or before _____, 2018**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

85. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 80 above so that the notice is ***received* on or before _____, 2018**.

86. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

87. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

88. If you purchased Wells Fargo common stock from February 26, 2014 through September 20, 2016, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those

Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Wells Fargo Securities Litigation*, c/o Epiq, P.O. Box 3770, Portland, OR 97208-3370. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.WellsFargoSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-855-349-6457.

---

**CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

---

89. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be reviewed by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, United States District Court for the Northern District of California, Phillip Burton Federal Building & U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.WellsFargoSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *Wells Fargo Securities Litigation* | and/or | Salvatore J. Graziano, Esq. |
| c/o Epiq | | BERNSTEIN LITOWITZ BERGER |
| P.O. Box 10521 | | & GROSSMANN LLP |
| Portland, OR 97208-3770 | | 1251 Avenue of the Americas, 44th Floor |
| 855-349-6457 | | New York, NY 10020 |
| www.WellsFargoSecuritiesLitigation.com | | 800-380-8496 |
| | | settlements@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2018

By Order of the Court
United States District Court
Northern District of California

#1200314

**TABLE A**

**Estimated Artificial Inflation in Wells Fargo Common Stock
from February 26, 2014 through and including September 20, 2016**

| Date Range | Artificial Inflation Per Share |
|---|---|
| February 26, 2014 - September 8, 2016 | $3.92 |
| September 9, 2016 - September 11, 2016 | $3.28 |
| September 12, 2016 | $2.68 |
| September 13, 2016 - September 14, 2016 | $1.63 |
| September 15, 2016 - September 20, 2016 | $1.01 |

## TABLE B

### 90-Day Look-back Table for Wells Fargo Common Stock
### Closing Price and Average Closing Price
### September 21, 2016 through December 19, 2016

| Date | Closing Price | Average Closing Price Between September 21, 2016 and Date Shown | Date | Closing Price | Average Closing Price Between September 21, 2016 and Date Shown |
|---|---|---|---|---|---|
| 9/21/2016 | $45.83 | $45.83 | 11/4/2016 | $44.60 | $45.22 |
| 9/22/2016 | $45.72 | $45.78 | 11/7/2016 | $45.40 | $45.22 |
| 9/23/2016 | $45.74 | $45.76 | 11/8/2016 | $45.54 | $45.23 |
| 9/26/2016 | $44.88 | $45.54 | 11/9/2016 | $47.99 | $45.31 |
| 9/27/2016 | $45.09 | $45.45 | 11/10/2016 | $51.63 | $45.48 |
| 9/28/2016 | $45.31 | $45.43 | 11/11/2016 | $51.73 | $45.64 |
| 9/29/2016 | $44.37 | $45.28 | 11/14/2016 | $53.22 | $45.84 |
| 9/30/2016 | $44.28 | $45.15 | 11/15/2016 | $52.59 | $46.01 |
| 10/3/2016 | $43.83 | $45.01 | 11/16/2016 | $51.68 | $46.14 |
| 10/4/2016 | $43.75 | $44.88 | 11/17/2016 | $52.49 | $46.30 |
| 10/5/2016 | $44.99 | $44.89 | 11/18/2016 | $52.82 | $46.45 |
| 10/6/2016 | $45.18 | $44.91 | 11/21/2016 | $52.12 | $46.58 |
| 10/7/2016 | $45.33 | $44.95 | 11/22/2016 | $52.22 | $46.70 |
| 10/10/2016 | $45.65 | $45.00 | 11/23/2016 | $52.16 | $46.82 |
| 10/11/2016 | $45.45 | $45.03 | 11/25/2016 | $52.62 | $46.94 |
| 10/12/2016 | $45.32 | $45.05 | 11/28/2016 | $51.58 | $47.04 |
| 10/13/2016 | $44.75 | $45.03 | 11/29/2016 | $51.86 | $47.14 |
| 10/14/2016 | $44.71 | $45.01 | 11/30/2016 | $52.92 | $47.25 |
| 10/17/2016 | $44.50 | $44.98 | 12/1/2016 | $54.34 | $47.39 |
| 10/18/2016 | $44.95 | $44.98 | 12/2/2016 | $53.58 | $47.51 |
| 10/19/2016 | $45.26 | $44.99 | 12/5/2016 | $54.35 | $47.64 |
| 10/20/2016 | $44.93 | $44.99 | 12/6/2016 | $55.55 | $47.79 |
| 10/21/2016 | $45.09 | $45.00 | 12/7/2016 | $57.28 | $47.96 |
| 10/24/2016 | $45.52 | $45.02 | 12/8/2016 | $57.29 | $48.13 |
| 10/25/2016 | $45.72 | $45.05 | 12/9/2016 | $57.14 | $48.28 |
| 10/26/2016 | $46.15 | $45.09 | 12/12/2016 | $55.78 | $48.41 |
| 10/27/2016 | $46.41 | $45.14 | 12/13/2016 | $55.84 | $48.54 |
| 10/28/2016 | $46.23 | $45.18 | 12/14/2016 | $54.70 | $48.64 |
| 10/31/2016 | $46.01 | $45.21 | 12/15/2016 | $55.19 | $48.75 |
| 11/1/2016 | $45.99 | $45.23 | 12/16/2016 | $55.34 | $48.86 |
| 11/2/2016 | $45.24 | $45.23 | 12/19/2016 | $55.22 | $48.96 |
| 11/3/2016 | $45.34 | $45.24 | | | |

# Exhibit A-2

*Wells Fargo Securities Litigation*
**c/o Epiq**
**P.O. Box 3770**
**Portland, OR 97208-3770**

**Toll-Free Number:  1-855-349-6457**
**Email:  info@WellsFargoSecuritiesLitigation.com**
**Website:  www.WellsFargoSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than _____, 2018**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | ___ |
| **PART II – CLAIMANT INFORMATION** | ___ |
| **PART III – SCHEDULE OF TRANSACTIONS IN WELLS FARGO COMMON STOCK** | ___ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | ___ |

# PART I – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all persons or entities who purchased Wells Fargo & Company ("Wells Fargo") common stock from February 26, 2014 through September 20, 2016, inclusive (the "Class Period") (the "Settlement Class"). Certain persons and entities are excluded from the Settlement Class by definition as set forth in Paragraph 25 of the Notice.

3.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class in Paragraph 25 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Wells Fargo common stock. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Wells Fargo common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.      **Please note:** Only Wells Fargo common stock purchased during the Class Period (*i.e.*, from February 26, 2014 through September 20, 2016, inclusive), is eligible under the Settlement. However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of Wells Fargo common stock from September 21, 2016 through and including the close of trading on December 19, 2016 will be used for purposes of calculating loss amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

7.	You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Wells Fargo common stock set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Wells Fargo common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.	All joint beneficial owners each must sign this Claim Form and their names must be listed in Part II of this Claim Form.  The complete name(s) of the beneficial owner(s) must be entered.  If you purchased Wells Fargo common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner.  If you purchased Wells Fargo common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

9.	**<u>One Claim should be submitted for each separate legal entity</u>**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

10.	Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)	expressly state the capacity in which they are acting;

(b)	identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Wells Fargo common stock; and

(c)	furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.	By submitting a signed Claim Form, you will be swearing that you:

(a)	own(ed) the Wells Fargo common stock you have listed in the Claim Form; or

(b)	are expressly authorized to act on behalf of the owner thereof.

12.	By submitting a signed Claim Form, you will be swearing to the truth of the statements

contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

14.     **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

15.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq Class Action & Claims Solutions, Inc., at the address on the first page of this Claim Form, by email at info@WellsFargoSecuritiesLitigation.com, or by toll-free phone at 1-855-349-6457, or you can visit the Settlement website, www.WellsFargoSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.WellsFargoSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@WellsFargoSecuritiesLitigation.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** Only one claim should be submitted for each separate legal entity (*see* Paragraph 9 above) and the *complete* name of the beneficial owner of the securities must be entered where called for (*see* Paragraph 8 above). No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@WellsFargoSecuritiesLitigation.com to inquire about your file and confirm it was received.**

<u>IMPORTANT: PLEASE NOTE</u>

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-855-349-6457.**

# PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name
Beneficial Owner's Last Name

Co-Beneficial Owner's First Name
Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City
State
Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)
Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (where securities were traded)[1]:

Claimant Account Type (check appropriate box):
- ☐ Individual (includes joint owner accounts)   ☐ Pension Plan   ☐ Trust
- ☐ Corporation                                   ☐ Estate
- ☐ IRA/401K                                       ☐ Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please see Paragraph 9 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN WELLS FARGO COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 7, above. Do not include information regarding securities other than Wells Fargo common stock.

| | |
|---|---|
| **1. HOLDINGS AS OF FEBRUARY 26, 2014** – State the total number of shares of Wells Fargo common stock held as of the opening of trading on February 26, 2014. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

**2. PURCHASES/ACQUISITIONS FROM FEBRUARY 26, 2014 THROUGH SEPTEMBER 20, 2016** – Separately list each and every purchase or acquisition (including free receipts) of Wells Fargo common stock from after the opening of trading on February 26, 2014 through and including the close of trading on September 20, 2016. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS FROM SEPTEMBER 21, 2016 THROUGH DECEMBER 19, 2016** – State the total number of shares of Wells Fargo common stock purchased/acquired (including free receipts) from September 21, 2016, through the close of trading on December 19, 2016. If none, write "zero" or "0."[2]

| | |
|---|---|
| **4. SALES FROM FEBRUARY 26, 2014 THROUGH DECEMBER 19, 2016** – Separately list each and every sale or disposition (including free deliveries) of Wells Fargo common stock from after the opening of trading on February 26, 2014 through and including the close of trading on December 19, 2016. (Must be documented.) | **IF NONE, CHECK HERE** ○ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

---

[2] **Please note**: Information requested with respect to your purchases/acquisitions of Wells Fargo common stock from September 21, 2016 through December 19, 2016 is needed in order to balance your claim; purchases during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

| / | | $ | $ | ○ |
|---|---|---|---|---|

**5. HOLDINGS AS OF DECEMBER 19, 2016 –** State the total number of shares of Wells Fargo common stock held as of the close of trading on December 16, 2016.  (Must be documented.)  If none, write "zero" or "0." _____

Confirm Proof of Position Enclosed

○

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

# PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiffs' Claims on my (our) behalf, in that capacity, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (including Unknown Claims) against the Defendants' Releasees, and shall forever be barred and enjoined from bringing any action asserting any of the Released Plaintiffs' Claims against any and all of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.    that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.    that I (we) own(ed) the Wells Fargo common stock identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.    that the claimant(s) has (have) not submitted any other claim covering the same purchases of Wells Fargo common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.    that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he, she or it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he, she or it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                                                  Date

_____

Print claimant name here

_____

Signature of joint claimant, if any                                                              Date

_____

Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of person signing on behalf of claimant                                  Date

_____

Print name of person signing on behalf of claimant here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see Paragraph 10 on page __ of this Claim Form.)

## <u>REMINDER CHECKLIST:</u>

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-855-349-6457.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@WellsFargoSecuritiesLitigation.com, or by toll-free phone at 1-855-349-6457 or you may visit <u>www.WellsFargoSecuritiesLitigation.com</u>. DO NOT call Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2018**, ADDRESSED AS FOLLOWS:

<div align="center">

Wells Fargo Securities Litigation
c/o Epiq
P.O. Box 3770
Portland, OR 97208-3770

</div>

    A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2018 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

    You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

#1200396

# Exhibit A-3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| GARY HEFLER et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:16-cv-05479-JST |
| | ) | |
| v s . | ) | <u>CLASS ACTION</u> |
| | ) | |
| WELLS FARGO & COMPANY et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:** **All persons and entities who, during the period from February 26, 2014 through September 20, 2016, inclusive, purchased the common stock of Wells Fargo & Company ("Wells Fargo") (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $480,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2018 at __:__ _.m., before the Honorable Jon S. Tigar at the United States District Court for the Northern District of California, Courtroom 9 of the Phillip Burton Federal Building & U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated July 30, 2018 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement**

**Fund**.  If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Wells Fargo Securities Litigation*, c/o Epiq, P.O. Box 10521, Portland, OR 97208-3770, 1-855-349-6457.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.WellsFargoSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2018.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2018, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2018, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Wells Fargo, any other Defendants or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

<div align="center">

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
Salvatore J. Graziano, Esq.
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
(800) 380-8496
settlements@blbglaw.com

</div>

Requests for the Notice and Claim Form should be made to:

<div align="center">

*Wells Fargo Securities Litigation*
c/o Epiq
P.O. Box 10521
Portland, OR 97208-3770
855-349-6457
www.WellsFargoSecuritiesLitigation.com

</div>

By Order of the Court

# Exhibit B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY HEFLER, MARCELO MIZUKI, GUY SOLOMONOV, UNION ASSET MANAGEMENT HOLDING AG, and CITY OF HIALEAH EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) ) Case No. 3:16-cv-05479-JST<br><br>CLASS ACTION |
| Plaintiffs, | ) ) ) |
| v s . | ) ) ) |
| WELLS FARGO & COMPANY, JOHN G. STUMPF, JOHN R. SHREWSBERRY, CARRIE L. TOLSTEDT, TIMOTHY J. SLOAN, DAVID M. CARROLL, DAVID JULIAN, HOPE A. HARDISON, MICHAEL J. LOUGHLIN, AVID MODJTABAI, JAMES M. STROTHER, JOHN D. BAKER II, JOHN S. CHEN, LLOYD H. DEAN, ELIZABETH A. DUKE, SUSAN E. ENGEL, ENRIQUE HERNANDEZ JR., DONALD M. JAMES, CYNTHIA H. MILLIGAN, FEDERICO F. PEÑA, JAMES H. QUIGLEY, JUDITH M. RUNSTAD, STEPHEN W. SANGER, SUSAN G. SWENSON, and SUZANNE M. VAUTRINOT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *Hefler, et al. v. Wells Fargo & Company, et al.*, Case No. 3:16-cv-05479-JST (N.D. Cal.) (the "Action");

WHEREAS, (a) Lead Plaintiff, Union Asset Management Holding, AG ("Lead Plaintiff"), on behalf of itself and the other members of the Settlement Class (defined below), and (b) defendant Wells Fargo & Company ("Wells Fargo") and defendants John G. Stumpf, John R. Shrewsberry, Carrie L. Tolstedt, Timothy J. Sloan, David M. Carroll, David Julian, Hope A. Hardison, Michael J. Loughlin, Avid Modjtabai, James M. Strother, John D. Baker II, John S. Chen, Lloyd H. Dean, Elizabeth A. Duke, Susan E. Engel, Enrique Hernandez, Jr., Donald M. James, Cynthia H. Milligan, Federico F. Peña, James H. Quigley, Judith M. Runstad, Stephen W. Sanger, Susan G. Swenson, and

Suzanne M. Vautrinot (collectively, the "Individual Defendants," and together with Wells Fargo, "Defendants"; and together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated July 30, 2018 (the "Stipulation"), that provides for a complete dismissal with prejudice of the Released Plaintiffs' Claims on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____, 2018 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 2018 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.  **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on _____, 2018; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2018.

3.  **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who purchased Wells Fargo common stock from February 26, 2014 through September 20, 2016, inclusive.  Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Family Members of any Individual Defendant; (iii) any person who was a director or member of the Operating Committee of Wells Fargo during the Class Period and their Immediate Family Members; (iv) any parent, subsidiary or affiliate of Wells Fargo; (v) any firm, trust, corporation, or other entity in which Defendants or any other excluded person or entity has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded persons or entities.  Notwithstanding the foregoing exclusions, no Investment Vehicle (as defined in the Stipulation) shall be excluded from the Settlement Class.  [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to their requests for exclusion.]

4.  **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.  **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order;

(b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6. **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The

persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9. **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against any of the Defendants Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.     Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12.     **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken or submissions made pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil,

criminal, administrative, or other action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

13.      **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

14.      Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.      **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.  **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on April 14, 2018, as provided in the Stipulation.

17.  **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2018.


_____
The Honorable Jon S. Tigar
United States District Judge

#1195734

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**